**Martin Daniel LUNDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–85–00831–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 13, 1986.

Discretionary Review Granted March 4, 1987.

Charles F. Baird, Michael B. Charlton, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Deborah Bacheller, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Martin Daniel Lunde appeals a conviction for possession of a controlled substance. The jury found the enhancement allegation true and assessed punishment at twelve years incarceration.

In three points of error appellant contends the trial court erred (1) by denying the motion to suppress the heroin seized as a result of an unlawful arrest; (2) by overruling appellant's objection to the jury charge; and (3) by commenting on the weight of the evidence in the charge. We affirm.

Houston Narcotics Officer Massey testified he received a telephone call from a confidential informant who related to him that two men were standing in front of a grocery store in the 1100 block of Booth, dealing heroin. The informant gave descriptions of the men and their clothing.

Officer Massey had received information from this same informant in the past concerning illegal activity at that same location, which information had proven correct and had resulted in convictions.

After receiving the information, Officer Massey and his partner, Officer Wood, drove to the location and set up surveillance in an unmarked police car. From the parked car the officers observed appellant and another white man standing beside the grocery store, dressed as the informant had described them. A black man approached appellant; they talked for a few seconds and appeared to exchange something before the black man walked away. The officers testified that, based on their experience as narcotics officers, it appeared to be a drug transaction. The officers drove up to appellant and the other white man and identified themselves as police officers. Massey searched appellant for weapons and narcotics and found a tinfoil of heroin inside the cellophane wrapper around a pack of cigarettes in appellant's shirt pocket. Appellant was arrested for possession of heroin. Officer Massey testified he did not have time to acquire an arrest warrant because his experience was that drug dealers remain at one location for only a short while. Officer Wood testified that based on his experience, obtaining a warrant takes about two hours and there was not time to obtain one.

In his first point of error appellant complains of the overruling of his motion to suppress the heroin seized, as there was no probable cause to arrest. Appellant contends that Art. 14.04 [1] controls this case and since the informant did not say appellant was about to escape, the warrantless arrest and search violate Art. 14.04. The State responds that Art. 14.01(b) controls this case and no evidence of escape need be shown. We agree. Art. 14.01(b) provides that "[a] peace officer may arrest

---

**1.** Tex.Code Crim.Proc.Ann. Art. 14.04 (Vernon 1977) provides:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without a warrant, pursue and arrest the accused.

an offender without a warrant for any offense committed in his presence or within his view." If the State can show probable cause existed at the time of the search or arrest as well as circumstances which made procuring a warrant impractical, the warrantless search or arrest is justified. Probable cause exists where, at that moment, the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information, would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime. *Brown v. State,* 481 S.W.2d 106, 110 (Tex.Crim.App.1972); *Albert v. State,* 659 S.W.2d 41 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd.).

■ To determine whether probable cause exists, the court must look to the "totality of the circumstances." *Whaley v. State,* 686 S.W.2d 950 (Tex.Crim.App.1985). Just as in *Whaley, supra,* the informant in the case before us was one who had given reliable and credible information· in the past. Additionally, the details related to the officer by the informant were corroborated by the officers' observations. Because of the verification of this information, the arresting officers had reasonable grounds to believe that the transaction observed was one involving drugs. Probable cause was established by the detailed and comprehensive nature of the tip, corroborated by the independent observations of the arresting officer. *Vasquez v. State,* 699 S.W.2d 294 (Tex.App.—Houston [14th Dist.] 1985, no pet.). Both officers also testified that they feared appellant would have left in the time it would have taken to obtain a warrant. The court did not err in denying the motion to suppress the heroin. Point of error one is overruled.

In his second and third points of error appellant contends the court erred in overruling his objections to the court's charge to the jury. Appellant complains of the following paragraphs:

You are further instructed that a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

\* \* \* \* \* \*

Therefore, if you find from the evidence beyond a reasonable doubt that on October 18, 1984, at 1100 Booth at Fulton, the Defendant committed an offense in the presence of Officer Massey or within the view of Officer Massey ... then you may consider the evidence obtained by the arrest and search of the Defendant.

■ Appellant asserts that including an instruction on Art. 14.01(b) was error because it was not raised by the evidence. Contrary to appellant's assertion, the issue of whether an offense had been committed in the presence or within the view of the officers was raised by the evidence. The officers testified that they observed appellant in what appeared to be a drug transaction. Appellant testified he did not possess a controlled substance at the time of his arrest. The evidence presented a fact issue for the jury, and they found the evidence was sufficient to support an arrest under Art. 14.01(b). The court did not err in overruling appellant's objection to the instruction on Art. 14.01(b).

■ Appellant also complains that including in the court's charge the address at which the offense occurred amounted to a comment on the weight of the evidence. However, appellant himself testified to the uncontroverted fact that the arrest occurred at this location. The paragraphs in the charge to which appellant objected did not harm him; thus, there is no reversible error. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). Appellant's second and third points of error are overruled.

Appellant was granted leave to file a supplemental brief in which he raised an additional point of error unrelated to any issue in his original brief. To support his new point of error appellant relies entirely on *Rose v. State,* No. 05–85–001136–CR (Tex.App.—Dallas, August 11, 1986), an opinion which was subsequently withdrawn on State's motion for rehearing.

The State filed a motion to strike the supplemental brief citing *Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Crim.App. 1982). This court ordered the motion to strike carried with the case. We hereby grant the State's motion to strike appellant's supplemental brief.

The judgment is affirmed.