**Martin Daniel LUNDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1261–86.**

Court of Criminal Appeals of Texas, En Banc.

July 1, 1987.

Michael B. Charlton (on appeal only), Charles F. Baird (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Linda A. West and Debbie Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant appeals his conviction in a jury trial for possession of a controlled substance, heroin. Article 4476–15, § 4.04, V.A.C.S. His punishment, enhanced by allegation and proof of a prior felony conviction, was assessed by the jury at twelve years' confinement in the Department of Corrections. The Fourteenth Court of Appeals (Houston) affirmed the conviction in a published opinion. *Lunde v. State*, 720 S.W.2d 251 (Tex.App.—Houston [14th] 1986). We granted appellant's petition for discretionary review to determine whether the appeals court erred in concluding that the arrest and subsequent search of appellant was justified under Article 14.01(b), V.A.C.C.P. We will affirm the judgment of the Court of Appeals.

The record reflects that Houston narcotics officer Massey received a telephone call from a confidential informant who told the officer that two men were presently standing in front of a grocery store in the 1100 block of Booth Street, dealing heroin. The informant, who lived in the area, gave a physical description of both men and their clothing. Officer Massey was told that the informant had himself observed the two men dealing drugs. Previous tips from this informant concerning similar illegal activity at the same location had proven correct and had resulted in convictions. The area in question was a known high crime area.

Within a half hour after receiving the information, Officer Massey and his partner, Officer Woods, drove to the location and set up surveillance approximately 75 yards from where the two white males were standing. Both men matched the descriptions given by the informant. For the next few minutes the officers, their view aided by a pair of binoculars, observed the actions of the two men. The officers testified that a black man approached the second white man, spoke to him for a few seconds, then walked over to where appellant was standing. Appellant and the black man stood very close together, speaking to one another and with their hands outstretched between them. Although neither officer could see what, if anything, was passed between the two men, both officers were of the firm opinion, based upon over 26 years of service between them, that a drug transaction was then taking place. Thereafter, the officers pulled their car around the corner up to where the three men were standing, exited their vehicle and detained the two white males.[1] A pat-down and search of the two men for weapons and narcotics resulted in discovery in appellant's shirt pocket of a cigarette package containing a tinfoil of heroin in the outside cellophane covering the package. Appellant was subsequently formally arrested for possession of heroin.

In his sole ground for review appellant argues that the Court of Appeals erred in concluding that his arrest and subsequent search was justified under Art. 14.01(b), supra. Specifically, appellant points to the fact that neither officer saw what, if anything, was passed between appellant and the black man. In addition, appellant argues that the arrest was illegal under Art. 14.04, V.A.C.C.P.,[2] as there was no showing that appellant was attempting to escape. The State contends that Art. 14.01(b), supra, controls the case.[3]

A police officer may arrest an individual without a warrant only if (a) there is probable cause with respect to that individual, *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959), and (b) the arrest falls within one of the exceptions specified in Tex.Code Cr.P.Ann. Art. 14.01–14.04, *Self v. State*, 709 S.W.2d 662 (Tex. Cr.App.1986).

On direct appeal, the court below agreed with the State that Art. 14.01(b) controls the case and that no evidence of escape need be shown. *Lunde v. State*, supra. However, in his brief before this Court, appellant again raises the applicability of Art. 14.04, supra. We agree with the Court of Appeals that the arrest, to be valid, must come within the statutory exception to the general warrant requirement set out in Art. 14.01(b), supra.

Art. 14.01, supra, reads in pertinent part:

(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

Decrying use of the probable cause standard by the Court of Appeals in analyzing

---

1. According to the testimony of the officers, the black man was able to leave the area while the officers were occupied with the other two men and so was not apprehended.

2. Art. 14.04, V.A.C.C.P. states:
   Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

3. The record reflects that the jury charge included an instruction on Art. 14.01 and Art. 14.04, both supra.

the warrantless arrest, appellant argues that "[Q]uestions of probable cause of a police officer to commence his investigation, such as that articulated by the Court of Appeals in the instant case, are irrelevant for purposes of Article 14.01(b)." Appellant misses the point. We are not concerned with the commencement of an investigation but rather the culmination of an investigation resulting in arrest due to the commission of an offense "within the presence" of an officer. See generally 1 M. Teague, *Texas Criminal Practice Guide*, § 10.035[2] (1986). We recently had cause to re-examine the validity of a 14.01(b), supra, arrest in *Delgado v. State*, 718 S.W.2d 718 (Tex.Cr.App.1986). Presiding Judge Onion, writing for the majority, reiterated the Court's adherence to the probable cause standard:

> The standard for the legality of a warrantless arrest is not equal to the sufficiency of evidence for a conviction. The standard is 'probable cause,' not 'proof beyond a reasonable doubt.'

*Delgado v. State*, supra, citing *Lewis v. State*, 598 S.W.2d 280 (Tex.Cr.App.1980); *Maloy v. State*, 582 S.W.2d 125 (Tex.Cr.App.1979); *Hernandez v. State*, 523 S.W.2d 410 (Tex.Cr.App.1975). See also *Carlock v. State*, 609 S.W.2d 787 (Tex.Cr.App.1980).

■ The test for probable cause for an arrest without a warrant is:

> Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) *had committed or was committing an offense*. (emphasis supplied)

*Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Britton v. State*, 578 S.W.2d 685 (Tex.Cr.App.1979). An investigating officer's hunch, suspicion or good faith perception are not sufficient, alone, to constitute probable cause for an arrest. See *Fatemi v. State*, 558 S.W.2d 463 (Tex. Cr.App.1977); *Ceniceros v. State*, 551 S.W.2d 50 (Tex.Cr.App.1977). Moreover, the perceived events must be out of the ordinary, suspicious and tie a suspect with a criminal act. The individual's conduct cannot be as consistent with innocent activity as with a criminal act. *Glass v. State*, 681 S.W.2d 599 (Tex.Cr.App.1984); *Armstrong v. State*, 550 S.W.2d 25 (Tex.Cr.App. 1976). On the other hand, this Court has previously upheld arrests under Art. 14.01, supra, when the police officers personally observed behavior that although not overtly criminal, was, when *coupled* with the officers' prior knowledge, sufficient to establish probable cause that an offense was *then* occurring. See *Miller v. State*, 458 S.W.2d 680 (Tex.Cr.App.1970); *Bridges v. State*, 166 Tex.Cr.R. 556, 316 S.W.2d 757 (Tex.Cr.App.1958).

■ Turning to the facts of the instant case, we find the circumstances analytically indistinguishable from those cases in which a combination of personal observations and prior knowledge allowed a warrantless arrest under Art. 14.01(b), supra. Officer Massey received a tip that two men were at that very moment dealing heroin at a specifically identified location. Physical descriptions and clothing worn by the men were given to the officer. The informant, who lived in the area and was himself a heroin addict, had personally observed the heroin transactions. As was the case in *Whaley v. State*, 686 S.W.2d 950 (Tex.Cr.App.1985), the informant in the case before us was one who had given reliable and credible information in the past, resulting in criminal convictions. Cf. *Glass v. State*, 681 S.W.2d 599 (Tex.Cr.App.1984). Arriving on the scene and taking up a surveillance position, Officers Massey and Woods's initial observations corroborated the physical and geographical details related by the informant. Further observation placed the officers in the position to view appellant's conduct as the black man first approached appellant's accomplice, then passed on to stand very close to appellant. Even though neither officer could testify as to overt observation of a substance or even packaging or money, see *Willis v. State*, 669 S.W.2d 728 (Tex.Cr.App.1984); *Boyd v. State*, 621 S.W.2d 616 (Tex.Cr.App. 1981), both Massey and Woods were firm in their testimony that in their professional

opinion, based on the particular circumstances and their knowledge of similar drug deals, that a transaction was taking place as they watched appellant. Given the officers' experiences in recognizing drug trafficking, the corroborated information received, the actions of appellant and his accomplice at the scene, and the officers' certainty that a normally covert transfer was being made between appellant and the black man, as shown by the close proximity and hand movements of the two men, we find that the officers had probable cause to believe that an offense under Art. 4476–15, supra, was being committed. See *Delgado v. State*, supra; *Whaley v. State*, supra; *Miller v. State*, supra; *Bridges v. State*, supra. The arrest being valid, the subsequent search incident to the arrest was also valid. *Williams v. State*, 726 S.W.2d 99 (Tex.Cr.App.1986). Appellant's ground for review is overruled.

The judgment of the Court of Appeals is affirmed.

MILLER and DUNCAN, JJ., concur.

CLINTON, TEAGUE and CAMPBELL, JJ., concur.