Robert **BENDER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–86–411–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 10, 1987.

Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellant Robert S. Bender pled no contest to the charge of possession with intent to deliver more than twenty-eight grams of cocaine. Pursuant to the terms of a plea bargain agreement, the court sentenced appellant to ten years confinement in the Texas Department of Corrections, probated, and a five thousand dollar fine. Appellant appealed the trial court's verdict and raised three points of error. We affirm.

Article 44.02 of the Texas Code of Criminal Procedure governs the right to

appeal a conviction.[1] When the conviction is based on a guilty plea or a plea of no contest, the defendant must have permission of the trial court except on those matters raised by a written pretrial motion. The purpose behind this limitation on appeals from plea bargain agreements was to eliminate as many appeals as possible and reduce the appellate caseload. *Morgan v. State*, 688 S.W.2d 504, 514 (Tex.Crim.App. 1985) (Onion, J. dissenting).

In this case, appellant did file a written pretrial motion to suppress the evidence and his third point of error is based on points raised in this motion. He did not raise any other issues by written pretrial motion. Therefore, before we can evaluate the merits of appellant's challenges to the sufficiency of the evidence, which he makes in his first and second points of error, we must review the record to determine whether appellant has preserved his right to appeal these issues by obtaining permission from the trial judge.

■ The record reflects that appellant gave notice of appeal and that the trial court entered the following order:

### ORDER

BE IT REMEMBERED, that on this 26th day of December, 1986, came to be heard the foregoing motion. Defendant's motion is hereby GRANTED. The record is ordered to reflect (1) that on May 20, 1986 the trial court overruled defendant's written motion to suppress, (2) that the defendant then pleaded guilty, (3) that the trial court assessed punishment within the plea bargain agreed upon by the defendant personally and the state and defense counsel, and (4) on May 21, 1986 the defendant gave written notice of appeal with permission of the *court to appeal*.

IT IS SO ORDERED.

Furthermore, during the hearing at which appellant pled no contest, the following exchange occurred between the judge and appellant:

Q. However, if I do accept it, do you understand as part of your agreement, *you are giving up the right to appeal.*

A. Yes sir.

Q. Yes, sir. *Unless I give you my consent.*

MR. McINNIS: Now, Your Honor—

Q. *Now you have a right to appeal on the merits of the case but not on any pretrial motions you may have filed and heard in this case.*

A. Yes, sir.

Q. *Which I might have ruled against you.*

A. Yes, sir.

MR. McINNIS: *That's correct,* Your Honor.

Q. And *do you accept that condition as part of your agreement* with the State?

A. *Yes, sir.*

Q. *Do you join him in that, Mr. McInnis?*

MR. McINNIS: *Yes, Your Honor.*

THE COURT: Approved by the Court.

MR. McINNIS: As clarified by the Court, Your Honor.

THE COURT: Right. Yes, sir.

Appellant accepted, as a condition of his agreement, the right to appeal the merits of the case. In our opinion, this includes a challenge to the sufficiency of the evidence. Although the trial court incorrectly stated the law with respect to an appellant's right to appeal adverse rulings on pretrial motions, appellant's right to appeal the adverse ruling is not altered. Having determined that appellant was given permission to appeal the merits of his case in addition to the adverse ruling on the pretrial motion, we will now address appellant's first and second points of error. In his first and second points of error, appellant challenges the sufficiency of the evidence to support his conviction.

---

**1.** This article was repealed on September 1, 1986 as to convictions based on pleas of guilty or no contest. The right to appeal such convictions is now governed by Texas Rule of Appellate Procedure 40(b)(1).

Before anyone may be convicted of a felony on a plea of nolo contendere to the court, the state must introduce evidence into the record showing the guilt of the defendant. Tex.Code Crim.Pro.Art. 1.15; *James v. State*, 643 S.W.2d 439, 440 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). The *evidence may be stipulated* if the defendant consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony, or to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence in support of the judgment.

In this case, appellant did consent in writing in open court to waive the appearance, confrontation, and cross-examination of the witnesses. He also consented to and signed a stipulation of the evidence. However, appellant made several changes in the stipulation of evidence form that the State provides for use in plea cases. Appellant marked through the allegation that stated that the defendant intentionally and knowingly possessed with intent to deliver, a controlled substance, namely, cocaine. He also marked through the heading that identified the statement as a judicial confession. In place of this language, appellant substituted his own. After the changes were made, the stipulation read as follows:

> In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, I Robert Steven Bender stipulate that if the State called Officers Wood and Spjut they would testify that Robert Bender intentionally and knowingly possessed with intent to deliver, a controlled substance, namely, cocaine weighing more than 28 grams and less than 200 grams by aggregate weight, including any adulterants and dilutants, as per their pretrial hearing testimony on defendant's motion to suppress evidence against the peace and dignity of the State.

> I understand the above stipulation and stipulate that they the witnesses would testify per this stipulation and say and [sic] that the acts alleged above were committed on November 6, 1985.

On appeal, appellant postulates in his first and second points of error that his phrasing and word choice in the above stipulation is such that the court cannot base a conviction on this stipulation. We disagree.

In terms of appellant's first point of error, the record reflects sufficient evidence to establish that the offense occurred in Harris County, Texas. First, appellant did not delete "in Harris County, Texas" from the stipulation. While this circumstance in and of itself might not be sufficient, it does deserve some consideration in light of the detailed manner in which appellant deleted and marked through other portions of the stipulation form provided by the State. Stipulations are reasonably and liberally construed with a view of effectuating the parties' intentions. *O'Connor v. State*, 401 S.W.2d 237, 238 (Tex.Crim.App. 1966). Second, territorial jurisdiction, like any other requisite of an offense, may be proven by circumstantial evidence. *Vaughn v. State*, 607 S.W.2d 914, 920 (Tex. Crim.App.1980). The officers testified at the hearing on the motion to suppress evidence that they were employed at appellant's office in an "MBank" building at "2100 West Loop South." When construing a stipulation of evidence, it is inconceivable that a trier of fact may not make inferences from stipulated facts. *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex.Crim. App.1984). The clear inference from the stipulated facts is that appellant was arrested in Houston which is in Harris County, Texas.

Third, courts may at any stage in the proceedings, take judicial notice of facts that are generally known within the territorial jurisdiction of the trial court or are capable of accurate and ready determination by resort to sources of unquestionable accuracy. Tex.R.Crim.Ev. 201. Here, a court may take judicial notice of the fact

that Houston, a county seat of government, is located in Harris County, Texas. *Keener v. State,* 456 S.W.2d 912, 914 (Tex.Crim. App.1970); *Cavazos v. State,* 668 S.W.2d 435, 438 (Tex.App.—Austin 1984, pet. ref'd). Moreover, this court may, by resort to obtainable, accurate reference materials, take judicial notice that the 2100 block of West Loop South, is located in Houston, Texas and that an "MBank" building is located at that address. After viewing the evidence in the light most favorable to the verdict, we find that any rational trier of fact could have found that this offense occurred in Harris County, Texas. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the evidence is insufficient to show that the substance he possessed was cocaine. We are unpersuaded by appellant's contention and find that the evidence, viewed in the light most favorable to the verdict, is sufficient to support the conclusion that the substance was indeed cocaine. At the motion to suppress hearing, Officer Spjut testified that he was "sure of what it [the substance] was" once he saw it and smelled it. Appellant's position is that this testimony alone is not satisfactory because of the holding in *Duran v. State,* 552 S.W.2d 840 (Tex.Crim. App.1977) and *Curtis v. State,* 548 S.W.2d 57 (Tex.Crim.App.1977). In *Duran* and *Curtis,* the Texas Court of Criminal Appeals held an experienced officer cannot look at a white or brown powdered substance and testify that it is a controlled substance. *Curtis,* 548 S.W.2d at 59; *Duran,* 552 S.W.2d at 843. The rationale behind this rule being that, unlike marijuana, many other controlled substances also appear as white or brown powder. *Curtis,* 548 S.W.2d at 59. While we adhere to the rationale enunciated in these cases, we do not believe they are controlling on these facts.

*Curtis* occurred in the context of a probation revocation hearing. Appellant in that case did not stipulate the officer would testify that he possessed heroin, a controlled substance. *Duran,* on the other hand, concerned a situation in which the

appellant waived a jury trial and entered a plea of not guilty. The court convicted appellant of possession of heroin based on a stipulation that the substance found by the police was heroin and on a chemist's laboratory report that was admitted by stipulation. Appellant successfully argued that the stipulation could not be considered because the procedures for utilizing a stipulation of evidence, which are mandated by article 1.15 of the Texas Code of Criminal Procedure, were not followed.

Several important distinctions are present in this case. First, the stipulation was properly admitted. The court satisfied the requirements for utilizing a stipulation of facts to form the basis of a conviction. Appellant entered a plea of no contest and signed a waiver of his right to appearance, confrontation and cross-examination of witnesses. This waiver was approved by the trial court. The record reflects that appellant and his attorney were questioned quite thoroughly about appellant's decision to enter a plea of no contest. Appellant and his attorney stated that they willingly, and knowingly, waived the right to trial by jury and the right to be formally arraigned. Appellant testified that he understood the range of punishment for the crime with which he was charged; that he wanted to enter a plea of no contest; that he understood the punishment that the prosecutor was going to recommend; that he entered into the plea agreement knowingly and willingly; that he understood that the court was not bound by the agreement; and that if the court did accept it, he gave up his right to appeal unless the court gave its consent. Appellant then entered his plea of no contest and waived his right to confrontation and cross-examination of witnesses. At this point, the court explained to appellant that a stipulation of evidence was necessary. The court defined a stipulation as an agreement of evidence and told appellant that signing the stipulation meant that he agreed that the State's witnesses would, if present, testify consistently with the statements in the stipulation. Appellant stated that he did not wish to contest the allegation contained in the in-

dictment. Based on the stipulation, the court convicted appellant.

Second, the record reflects that a field test was done by Officer Spjut. At the hearing on the motion to suppress, appellant's attorney made reference to this test.

Q. [BY DEFENSE COUNSEL]: Did this follow the usual procedure in which Mr. Bender was not formally placed under arrest until after you had satisfied yourself that it was cocaine *by conducting a field test?*

A. No, sir. When we handle a narcotics deal, soon as we get a substance that we believe is cocaine, they're taken into immediate custody until—for our personal safety. We can't stand them there and, you know, just test it. Some of these—

\* \* \* \* \* \*

Q. Okay. Let me ask you this. If you weren't sure at that time or if you didn't have—if you didn't have satisfaction in your mind what it was, *why did you field test it?*

A. Once I got my hands on it, I was sure of what it was, and got a look at it and smell of it.

Although the defense attorney did not directly question the witness about the test in either of the questions, the clear inference from the questions is that a test was conducted, after which appellant was arrested. The logical conclusion is that the officer's testimony was based on this test. Appellant did not challenge this conclusion at trial. Rather, he agreed to stipulate that the officers would testify that appellant intentionally and knowingly possessed cocaine. Had appellant challenged the testimony, the officers could have presented the test results to support their testimony. We find that the record contains sufficient evidence that the substance was cocaine. The legislature clearly authorizes convictions to be heard on stipulations if the state complies with the proper procedures to protect the defendant.

In his final point of error, appellant argues that the court erred in denying his motion to suppress the evidence because a warrantless search was not authorized under article 14.04 of the Code of Criminal Procedure.

We find it unnecessary to determine whether this search satisfied the requisites of article 14.04 because the search was authorized under article 14.01(b) of the Code. Appellant committed the offense of possession with intent to deliver cocaine in the presence and within the view of the police officers who effectuated the arrest. Officer Spjut testified that he observed appellant and another man get into appellant's car. Officer Spjut approached the automobile from behind, stood beside the rear bumper on the driver's side of the car, and looked in the window. The officer saw appellant remove from a paper envelope he was holding, a narrow, thin, plastic strip filled with a white substance.

If the State can show probable cause existed at the time of the search or arrest, as well as circumstances which made procuring the warrant impractical, the warrantless search or arrest is justified. *Lunde v. State,* 720 S.W.2d 251, 235 (Tex. App.—Houston [14th Dist.] 1986 *aff'd* 736 S.W.2d 665 (Tex.Crim.App.1987).

Probable cause exists where, at that moment, the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information, would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime. *Brown v. State,* 481 S.W.2d 106, 110 (Tex.Crim.App.1972); *Albert v. State,* 659 S.W.2d 41 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd).

To determine whether probable cause exists, the court must look to the "totality of the circumstances." *Whaley v. State,* 686 S.W.2d 950 (Tex.Crim.App.1985). Just as in *Whaley, supra,* the informant in the case before us was one who had previously provided law enforcement officials with reliable and credible information. Additionally, the details related to the officer by the informant were corroborated by the officers' observations. Because of the verification of this information, the arresting officers had reasonable grounds to believe that the transaction observed was one in-

volving drugs. Probable cause was established by the detailed and comprehensive nature of the tip, corroborated by the independent observations of the arresting officer. *Vasquez v. State,* 699 S.W.2d 294 (Tex.App.—Houston [14th Dist.] 1985, no pet.). The court did not err in denying the motion to suppress the cocaine. Point of error three is overruled.

The judgment is affirmed.