NO.
12-05-00209-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

BRAD
DENNIS MCCLURE,          §          APPEAL FROM THE 2ND

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Brad Dennis
McClure appeals his conviction for unlawful possession of a firearm by a
felon.  In two issues, he contends that
the evidence is legally and factually insufficient to prove that he possessed a
firearm or that he possessed a firearm before the fifth anniversary of his
release from confinement following a felony conviction.  We reverse and render a judgment of
acquittal.  

 

Background

            On March 4, 2005, police officers
served a search warrant on what they believed to be Appellant’s home.  Appellant was not present, but the police
found items of his personal effects, his wife and children, and four rifles in
the home.  Appellant is a felon, having
previously been convicted of possession of a controlled substance.  A Cherokee County grand jury indicted
Appellant for possessing a firearm before the fifth anniversary of his release
from confinement following a felony conviction. 


            The case was tried to a jury, and
Appellant was found guilty.  The jury
assessed punishment at eight years of imprisonment.  This appeal followed.

 

 

 








Legal Sufficiency

            In his first issue, Appellant argues
that the evidence is legally insufficient to show that he possessed the rifles
or that his possession occurred within the five years immediately after his
release from confinement following a felony conviction.

Standard of
Review

            In evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Russeau v. State, 171 S.W.3d
871, 877 (Tex. Crim. App. 2005) (citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)).  If the evidence is legally insufficient, the
appropriate remedy is an acquittal.  See
Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).

The Record

            To support a conviction for unlawful
possession of a firearm, as authorized by the indictment in this case, the
State was required to prove that Appellant (1) had been convicted of a felony;
(2) and he intentionally or knowingly possessed a firearm before the fifth
anniversary of his release from confinement following conviction for the felony
offense.  See Tex. Pen. Code Ann. § 46.04(a)(1)
(Vernon 2005); Martinez v. State, 986 S.W.2d 779, 780 (Tex. App.–Dallas
1999, no pet.).[1] 

            During the trial the parties
stipulated that Appellant had previously been convicted of a felony.  A stipulation was read into the record, and a
written stipulation was prepared. 
Omitting the formal parts, the stipulations are as follows:

 

            Oral Stipulation:      The State will stipulate that Brad Dennis
McClure is one and the same individual that was convicted in cause number 14810
for possession of a controlled substance in Cherokee County.

 

                Written Stipulation:              The Brad Dennis McClure on trial
herein in cause No. 16064 for Felon in Possession of a Firearm is one and the
same Brad Dennis McClure convicted of a felony, to-wit: Possession of a
Controlled Substance in Cause no. 14801.[2]

 

            The oral stipulation was ratified by
Appellant’s counsel immediately after it was presented to the jury, and the
written stipulation was signed by Appellant and his counsel.  The parties did not stipulate that Appellant’s
possession of the firearms came within five years of his release from
confinement for a felony offense.

            The State presented no evidence at
trial that Appellant’s possession of the firearms came within five years of his
release from confinement.  The
disposition of this issue, then, turns on whether Appellant may complain about
the sufficiency of the evidence on this point. 
A party may stipulate to any fact or to any element of an offense.  Bryant v. State, 187 S.W.3d
397, 400 (Tex. Crim. App. 2005).  When a
criminal defendant does so, the stipulation is a “kind of a judicial admission,”
and he will not be heard to question the stipulated fact on appeal.  Id.  

Analysis

            In Smith v. State, 158
S.W.3d 463, 463 (Tex. Crim. App. 2005), the court of criminal appeals
considered a case where the defendant stipulated to two prior convictions that
were the jurisdictional predicate for a felony driving while intoxicated
allegation.  One of the convictions was
too remote, and the evidence of jurisdiction would have been insufficient
without it.  Id. at
464.  In affirming the conviction, the
court noted that the timing of the prior convictions was not an element of the
offense and that the appellant’s stipulation to the prior convictions meant he
lost the ability to complain about the sufficiency of the proof on that
issue.  Id. at 465. 

            Several months later, the court
reached a similar conclusion in Bryant.  See Bryant, 187 S.W.3d at
400.  The court, citing McCormick on Evidence, concluded that a
stipulation had the “effect of withdrawing a fact from issue and dispensing
wholly with the need for proof of the fact.” 
Id.; 2 John W.
Strong, et al., McCormick on
Evidence § 254 (5th ed. 1999). 
The court also cited a case from the Fifth Circuit Court of Appeals for
the proposition that “once a stipulation is entered, even in a criminal case,
the government is relieved of its burden to prove the fact which had been
stipulated by the parties.”  Id. at
401 (citing United States v. Branch, 46 F.3d 440 (5th Cir.
1995)). 








  As a general proposition, a stipulation is
regarded as a contractual agreement between the parties.  See Howeth v. State, 645 S.W.2d
787, 789 (Tex. Crim. App. 1983).  If
there is an ambiguity in a stipulation, it is to be resolved in favor of the
party in whose interest the stipulation was made.  See O'Conner v. State,
401 S.W.2d 237, 238 (Tex. Crim. App. 1966); St. Paul Guardian Ins.
Co. v. Luker, 801 S.W.2d 614, 620 (Tex. App.–Texarkana 1990, no writ); Bender
v. State, 739 S.W.2d 409, 412 (Tex. App.–Houston [14th Dist.] 1987, no
pet.).  A stipulation is to be viewed in
the light most favorable to the judgment, and the trier of fact is entitled to
draw reasonable inferences and deductions from a stipulation.  See Yorko v. State, 699 S.W.2d
224, 226 (Tex. Crim. App. 1985).








  The stipulations in this case were not
ambiguous and were simply an admission that Appellant had been convicted of a
felony. It is plain, based on Smith and Bryant,
that Appellant may not contest a fact to which he has stipulated, and
Appellant’s stipulation that he had a prior felony conviction relieved the
State of its burden to prove that fact. 
But it did not serve to relieve the State of its burden to prove that
Appellant was within five years of his release from confinement at the time of
the present offense.  See e.g.,
Braxton v. United States, 500 U.S. 344, 350–51, 111 S. Ct. 1854, 1858–59,
114 L. Ed. 2d 385 (1991) (Stipulation that defendant shot through a door would
not support conclusion that he shot at a marshal or that he shot with the
requisite intent.); United States v. Gilliam, 167 F.3d 628, 639
(D.C. Cir. 1999) (Government obligated to prove every element of the charged
offense absent a stipulation or a waiver by the defendant of his right to put
the government to its proof.); Stell v. State, 496 S.W.2d 623,
626 (Tex. Crim. App. 1973) (Evidence will fail when stipulation is insufficient
to prove element of offense.); Bender, 739 S.W.2d at 412–13
(Venue could not be inferred from stipulation but could be inferred from the
other evidence.);Tompkins v. State, 607 S.E.2d 891, 893 (Ga.
2005) (Reversal appropriate where stipulation did not include agreement as to
venue and the record contained no other evidence of venue.).

  The timing of Appellant’s release from
confinement is different from the remoteness of the prior conviction in Smith.  In Smith, the timing of the
prior convictions was not an element of the offense, and so the stipulation to
the prior convictions provided all the proof the State needed on that
issue.  Smith, 158 S.W.3d
at 465.  By contrast, the timing of the
prior conviction was an element of the offense in this case.  This case is also different from Bryant
where the issue was not the breadth of the stipulation but whether the
appellant could complain about a stipulated fact.  See Bryant, 187 S.W.3d at 399–400.  

  We have considered the argument that the
language in Bryant that a defendant “waive[s] any right to
contest the absence of proof on the stipulated elements [emphasis added]”
could be construed to mean that Appellant could not raise this issue because he
stipulated to the prior conviction “element.” 
See id. at 401. 
But, we do not read  Bryant to mean that a
specific stipulation to one fact must be considered to be a stipulation to
another just because they are grouped in the same clause or “element” of a
charging instrument.  Even if the prior
conviction part of this offense is a single element, it contains two parts, and
Appellant’s specific concession of one of them is not a concession of the
other, especially in light of the specificity of the stipulation. 

  In the end, the court of criminal appeals has
determined that a stipulation is a judicial admission.  We are mindful that the law favors
stipulations and that they are to be construed liberally.  However, the judicial admission in this case
is discrete and unambiguous.  Appellant
agreed not to contest the fact that had been convicted of a felony in a certain
case, nothing more.  

  We have carefully searched the record for
evidence (the State directs us to none) that less than five years had elapsed
from Appellant’s release from confinement. 
There is no such evidence. 
Moreover, the sum of the judicial admission and the evidence adduced at
trial is insufficient to prove that Appellant was within five years of his
release from confinement following conviction for a felony offense.

  Appellant may complain that the evidence does
not show that he was within five years of his release because he did not
stipulate to that fact.  The date of his
release, as it relates to the possession of firearms, is an element of the
offense.  Under Texas law, a felon may
lawfully possess a firearm in his home unless he is within five years of his
release from confinement or supervision. 
Tex. Pen. Code Ann. §
46.04(a)(2).  On this record, we cannot
conclude that Appellant was within five years of his conviction or release from
confinement when the rifles were found in his home.  Cf. Orona v. State, 52 S.W.3d
242, 247 (Tex. App.– El Paso 2001, no pet.) (“Appellant stipulated that he had
previously been convicted as alleged in the indictment [emphasis added].”).

  Because we sustain this part of Appellant’s
first issue, we need not reach Appellant’s argument that he did not possess the
rifles or his second issue regarding the factual sufficiency of the evidence.  See Tex.
R. App. P. 47.1.

Disposition

  We reverse the judgment of the
trial court and render a judgment of acquittal.

 

 

                                                                                         JAMES T. WORTHEN    

                                                                                                     Chief Justice

 

 

Opinion delivered June 30, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] A felon may not
possess a firearm for five years after his release from confinement, community
supervision, parole, or mandatory supervision, whichever is later.  Tex.
Pen. Code Ann. § 46.04(a)(1).  For
the sake of simplicity, and because it is not an issue, we will use the
language of the indictment.  We are
mindful that at least one court has not invalidated a conviction where there
was not proof of the timing of the release from confinement and the felon was
not in his home when he possessed the firearm. 
See Nguyen v. State, 54 S.W.3d 49, 56 (Tex. App.–Texarkana
2001, pet. ref’d).  The State has not
made that argument here, and at trial the State argued that the rifles were
found in Appellant’s home.





[2] The different cause
numbers are reproduced as they appear in the record.  The grand jury alleged that the cause number
was 14801.