NUMBER 13-03-678-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




JESUS GUZMAN,                                                             Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 117th District Court
of Nueces County, Texas.




CONCURRING MEMORANDUM OPINION




Before Justices Rodriguez, Castillo, and Garza
Concurring Memorandum Opinion by Justice Castillo
 
         The trial court convened an evidentiary hearing for the dual purpose of
considering Guzman's motion for new trial, and the State's motion to adjudicate guilt
and revoke community supervision. In his motion for new trial, filed before an
adjudication of guilt, Guzman sought to withdraw his guilty plea based on a claim of
innocence and newly discovered evidence. At the hearing, Guzman testified he
understood he was required "to report, pay a fee, go to classes" and register as a sex
offender. Guzman admitted he was guilty of the underlying charge of indecency with
a child. Before denying the motion for new trial, the trial court considered a court-ordered psychiatric report and concluded that any claim of incompetency had no merit. 
         A trial court has no authority to consider a motion for new trial before
adjudication. Donovan v. State, 68 S.W.3d 633, 638 (Tex. Crim. App. 2002) (en
banc). Thus, the trial court properly denied Guzman's motion for new trial. Id. 
         The trial court proceeded to consider the State's motion alleging violations of
the terms and conditions of community supervision. In particular, the State alleged
that Guzman violated three conditions requiring that he (1) commit no offense against
the laws of the State (two counts), and (2) report monthly to his probation officer. 
Guzman pleaded true to the three counts and proceeded to testify. He acknowledged
he knew to report to his probation officer by the probation officer's verbal request to
report. He admitted taking tennis shoes from a store without paying for them and
fleeing from police before apprehension. He also admitted to failing to identify himself
to law enforcement. The record shows that, at the time he entered his plea of guilty
and the trial court placed him on deferred adjudication community supervision, the trial
court admonished him that he must report every month and "follow the program under
community supervision."



         The trial court adjudicated Guzman's guilt and sentenced him to five years in
the Texas Department of Criminal Justice–Institutional Division. This appeal ensued. 

         In his first issue, Guzman asserts the trial court erred by accepting his plea of
true, despite his prior claim of innocence during the motion for new trial proceedings.
I conclude that Guzman forfeited his complaint on appeal because he did not raise the
issue before the trial court. All the party must do to avoid the forfeiture of a complaint
on appeal is to let the trial court know what he wants, why he thinks himself entitled
to it, and to do so clearly enough for the trial court to understand him at a time when
the trial court is in a proper position to do something about it. See Keeter v. State,
2005 Tex. Crim. App. LEXIS 521, at *9 n.11 (Tex. Crim. App. April 6, 2005) (citing 
Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (en banc)). In this
case, Guzman did not present his complaint to the trial court before raising it as an
issue on appeal. Thus, I would overrule his first issue. Id.; see also Tex. R. App. P.
33.1. 
         In his second issue, Guzman argues that the trial court abused its discretion by
sentencing him based on his pleas of true to violations of community supervision
conditions not delineated in a written order. He asserts he was denied due process
of law and a fair punishment hearing absent a written order containing the conditions.
         The granting of community supervision is a privilege, not a right. Speth v.
State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (en banc). Consistent with its
broad discretionary powers in deciding whether to grant community supervision, a trial
court likewise has broad discretion in determining the conditions to be imposed. Id. 
The trial court "shall" determine the conditions of community supervision, but the
description of allowable conditions is prefaced with the permissive term "may:" "The
judge may impose any reasonable condition that is designed to protect or restore the
community, protect or restore the victim, or punish, rehabilitate, or reform the
defendant." Id.; see Tex. Code Crim. Proc. Ann. art. 42.12 §11(a) (Vernon Supp.
2004-05). The probationer must know with certainty what he is being asked to do. 
See Curtis v. State, 548 S.W.2d 57, 58 (Tex. Crim. App. 1977). 
         In this case, the judgment deferring adjudication states, "The community
supervision term and the terms and conditions of community supervision are set out
in a supplementary order to this judgment." However, as Guzman states, there is no
supplementary order reciting the conditions of community supervision. Even so, the
trial court pronounced a condition, among others, at the time it entered judgment that
Guzman must report during community supervision. During the same proceeding,
Guzman stated he understood his duty to report.


 During the adjudication hearing,
Guzman pleaded true to a violation of that condition, among others, indicating he
understood the allegations against him. Thus, I conclude he knew with certainty what
he must do with respect to at least one condition he admitted violating.


 See Curtis,
548 S.W.2d at 58. However, Guzman did not object to the proceedings and he did
not present his current complaint to the trial court. Thus, I conclude that Guzman
forfeited his complaint on appeal. Keeter, 2005 Tex. Crim. App. LEXIS 521, at *9
n.11; Tex. R. App. P. 33.1.


 Constitutional rights, like other rights, may be forfeited. 
See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); 
Ramirez v. State, 89 S.W.3d 222, 231 (Tex. App.–Corpus Christi 2002, no pet.). 
Accordingly, I agree that Guzman's second issue should be overruled. 
                                                               
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Concurring Memorandum Opinion delivered 
and filed this 9th day of June, 2005.