Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00357-CR

Terrance **MENDOZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 311251
Honorable Scott Roberts, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:  December 14, 2011

AFFIRMED

Terrance Mendoza was convicted by a jury of possession of marijuana.  On appeal,

Mendoza presents five issues raising evidentiary, *Brady*, and procedural challenges.  We affirm

the trial court's judgment.

### BACKGROUND

Deputy Benjamin R. Olvera, Jr. stopped Mendoza because the registration to the vehicle

Mendoza was driving was expired.  Deputy Olvera approached the driver's side of the vehicle,

while his field training officer, Anthony Doggett, approached the passenger side. Upon approaching the driver's side window, Deputy Olvera smelled a strong odor of fresh marijuana. Based on furtive movements by the passenger and after a brief struggle, the passenger was removed from the vehicle and handcuffed by Officer Doggett. Deputy Olvera asked Mendoza to also exit the car, and Mendoza consented to a search of the vehicle. Marijuana and a scale were discovered inside a backpack on the back seat of the vehicle. Although Mendoza and the passenger both initially denied that the backpack was theirs, Deputy Olvera placed Mendoza under arrest when he subsequently admitted the backpack belonged to him. Deputy Olvera could not recall when Mendoza was placed in handcuffs, but stated that Mendoza was definitely placed in handcuffs when Deputy Olvera told Mendoza that he was under arrest.

### MOTION TO SUPPRESS

The trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). The trial court is given almost complete deference in its determination of historical facts, especially when based on an assessment of credibility and demeanor. *Id*. The same deference is given to the trial court with respect to its rulings on the application of the law to questions of fact if resolution of those questions depends on an evaluation of credibility and demeanor. *Id*. Mixed questions of law and fact that do not turn on credibility and demeanor are reviewed *de novo*. *Id*.

In his first issue, Mendoza contends the trial court erred in denying his motion to suppress his statement admitting ownership of the backpack because Deputy Olvera had not provided him with his *Miranda*[1] warnings. The need for *Miranda* warnings arises when a person has been subjected to a custodial interrogation. *Campbell v. State*, 325 S.W.3d 223, 233 (Tex. App.—Fort Worth 2010, no pet.); TEX. CODE CRIM. PROC. ANN. art. 38.22, § 7 (West 2005).

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Campbell*, 325 S.W.3d at 233; *Meadoux v. State*, 307 S.W.3d 401, 408 (Tex. App.—San Antonio 2009), *aff'd*, 325 S.W.3d 189 (Tex. Crim. App. 2010). A person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996); *Hernandez v. State*, 107 S.W.3d 41, 47 (Tex. App.—San Antonio 2003, pet. ref'd). A person held for a temporary investigative detention is not in custody. *Campbell*, 325 S.W.3d at 233; *Hernandez*, 107 S.W.3d at 47. "An officer who lacks probable cause but whose observations lead to a reasonable suspicion that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke the suspicion." *Hernandez*, 107 S.W.3d at 47. "The officer may ask a moderate number of questions to determine the person's identity and to try to gather information to confirm or dispel the officer's suspicions." *Id.*

In this case, Deputy Olvera could not recall if Mendoza was placed in handcuffs for safety reasons before he was placed under arrest. Even if Mendoza was placed in handcuffs while being detained, there is no bright-line rule that handcuffing a suspect always constitutes an arrest. *Campbell*, 325 S.W.3d at 234. Based on the record, the trial court did not abuse its discretion in concluding Deputy Olvera asked only a moderate number of questions during his investigation, and Mendoza was not in custody until after he admitted that he owned the backpack which contained the marijuana. Mendoza's first issue is overruled.

In his second issue, Mendoza contends that searching the backpack exceeded the scope of his consent for Deputy Olvera to search the vehicle. Mendoza consented to the search of the

vehicle knowing Deputy Olvera was searching for marijuana. Accordingly, the scope of the permissible search included any containers in the vehicle which might contain marijuana, including the backpack. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *Lopes v. State*, 85 S.W.3d 844, 849 (Tex. App.—Waco 2002, no pet.); *see also Montagnino v. State*, No. 04-03-00090-CR, 2003 WL 22047213, at *1, 3 (Tex. App.—San Antonio Sept. 3, 2003, pet. dism'd, untimely filed) (search of backpack in vehicle within scope of consent to search vehicle for narcotics) (not designated for publication). Mendoza's second issue is overruled.

## SUFFICIENCY

In his fifth issue, Mendoza contends the evidence is legally insufficient to sustain his conviction because the marijuana was excluded from evidence based on concerns with the chain of custody. Specifically, the evidence room was unable to locate the marijuana for Deputy Olvera to bring to the first day of trial; however, Deputy Olvera brought the marijuana to the second day of trial after it was found in the property room at the main jail. In his third issue, Mendoza contends that the trial court erred in denying his motion to dismiss and request for directed verdict after the trial court excluded the marijuana from evidence. "[A] complaint about overruling a motion for directed/instructed verdict is in actuality an attack upon the sufficiency of evidence to sustain the conviction." *McDuff v. State*, 939 S.W.3d 607, 613 (Tex. Crim. App. 1997); *see also Sony v. State*, 307 S.W.3d 348, 353 (Tex. App.—San Antonio 2009, no pet.). Accordingly, we will address and dispose of Mendoza's third and fifth issues together.

In evaluating the legal sufficiency of the evidence to support a criminal conviction, "we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13

(Tex. Crim. App. 2007). Although the trial court excluded the marijuana from evidence, the jury still could consider Deputy Olvera's testimony that the backpack contained 18.2 grams of marijuana, and Mendoza's admission that he owned the backpack. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002) (officer qualified to identify substance as marijuana); *Curtis v. State*, 548 S.W.2d 57, 59 (Tex. Crim. App. 1977) (same). This testimony provided a proper basis for the trial court to deny the motion for directed verdict and is sufficient evidence to support the jury's verdict. Mendoza's third and fifth issues are overruled.

### *BRADY* VIOLATION

In his fourth issue, Mendoza contends the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), when he failed to disclose the fact that the marijuana was missing. When a defendant complains that the State failed to disclose the fact that evidence was lost, the complaint is a *Brady* due process claim. *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). The three part test used to determine whether the prosecutor's actions have violated due process is whether the prosecutor: (1) failed to disclose evidence; (2) favorable to the accused; and (3) the evidence is material, meaning there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id*.

In this case, the testimony established that Deputy Olvera and the prosecutors were unaware that the marijuana was missing until Deputy Olvera attempted to retrieve it from the evidence room on the day of trial. Mendoza argues that the duty to disclose under *Brady* extends to information in the possession of police agencies or other members of the prosecutorial team. *Ex parte Mitchell*, 977 S.W.3d 575, 578 (Tex. Crim. App. 1998). Mendoza further argues that the State could have called the narcotics officer in charge of the evidence room to testify and that the narcotics officer would have known the evidence was missing from the evidence room.

Mendoza's argument assumes that the narcotics officer had actual knowledge that the marijuana was missing before Deputy Olvera went to retrieve the marijuana; however, there is no evidence to support this assumption.

Even if we accept that a member of the prosecutorial team knew the marijuana was missing from the evidence room, the fact that the evidence was missing was disclosed in time for defense counsel to successfully argue for its exclusion when it was subsequently found. On appeal, Mendoza contends that if defense counsel had known the evidence was lost, he could have suppressed all evidence pertaining to the marijuana, including Deputy Olvera's testimony that the marijuana was subsequently found which was presented to the jury before the trial court ruled that the marijuana would be excluded. Mendoza's contention does not, however, show a reasonable probability that the outcome would have been different. *See Little*, 991 S.W.2d at 866. Deputy Olvera's testimony established that the substance in the backpack was marijuana independent of the introduction of the marijuana itself. Accordingly, Mendoza's fourth issue is overruled.

### ARTICLE 38.23 CHARGE

In his final issue, Mendoza asserts the trial court erred in denying his request for a jury charge under article 38.23. A defendant's right to the submission of a jury instruction under article 38.23 is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). Mendoza argues that he was entitled to an instruction so the jury could determine whether or not he was entitled to *Miranda* warnings before Deputy Olvera asked him about the ownership of the backpack. Mendoza appears to be arguing that the instruction was necessary for the jury to determine whether or not Mendoza was in custody and

entitled to *Miranda* warnings; however, determining whether a person is in custody is an issue of law, not a factual issue for the jury to resolve. *Mbugua v. State*, 312 S.W.3d 657, 669-70 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). To raise a disputed fact warranting an article 38.23 instruction, there must be some affirmative evidence that puts the existence of a fact into question. *Madden*, 242 S.W.3d at 513. In this case, the only affirmative evidence was Deputy Olvera's testimony, and his testimony was not contradictory with regard to the events that occurred. Accordingly, because the evidence did not raise a disputed fact issue, the trial court properly denied the requested instruction.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH