William Charles CURTIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53415.

Court of Criminal Appeals of Texas.

March 16, 1977.

Laird Palmer, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Richard E. Banks, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. On April 9, 1973, the appellant was convicted for the offense of possession of heroin; his punishment, assessed by a jury, is imprisonment for 10 years; the court, on the recommendation of the jury, placed the appellant on probation.

Four of the conditions of probation were that the appellant:

"1. Commit no offense against the laws of this State or of any other state or of the United States;

"     . . .

"3. Report to the probation officer as directed;

"     . . .

"7. Remain within a specified place;

"     . . .

"10. Pay $10.00 a month probation supervision fee to the Travis County Adult Probation Department not to exceed twenty-four (24) payments." [1]

The State's Amended Motion to Revoke Probation, which was filed on April 17, 1975, alleged that the appellant had violated each of these conditions of probation as follows:

" . . . he Failed to Report as directed; Failed to notify his Probation Officer of a change of address; and Failed to Pay his Supervision Fee as directed. Furthermore, he violated the provisions of his probation in that he committed the offense of Delivery of a Controlled Substance, to-wit: Heroin, in that on or about the 10th day of May, 1974, in the County of Dallas, State of Texas, the defendant did then and there knowingly and intentionally deliver to Eddie Brown a controlled substance, namely, Heroin."

The appellant, who was in federal custody, was returned to Travis County, and after a hearing the court revoked probation on each of the four grounds alleged in the amended motion to revoke probation; the court imposed sentence on June 12, 1975.

■ The order to revoke probation for a violation of conditions 3 and 7 cannot be sustained because these conditions are so vague and indefinite that they cannot be enforced; they do not inform the probationer with sufficient certainty of what he is to do. See *Parsons v. State*, 513 S.W.2d 554 (Tex.Cr.App.1974); *Flores v. State*, 513 S.W.2d 66 (Tex.Cr.App.1974); *DeLeon v. State*, 466 S.W.2d 573 (Tex.Cr.App.1971); *Brown v. State*, 508 S.W.2d 366 (Tex.Cr.App.1974); *Cotton v. State*, 472 S.W.2d 526 (Tex.Cr.App.1971).

■ There is not sufficient evidence, if any, to support the allegation that the appellant violated condition of probation 10 that he was to pay a supervision fee. There is not sufficient evidence to show that the appellant had the ability to pay and willfully refused to pay the supervision fee. See *Herrington v. State*, 534 S.W.2d 331 (Tex.Cr.App.1976); *Gormany v. State*, 486 S.W.2d 324 (Tex.Cr.App.1972); *Barber v. State*, 486 S.W.2d 352 (Tex.Cr.App.1972); *Brown v. State*, supra; *Cotton v. State*, supra.

■ If the court's order revoking probation is to be sustained, it must be on the evidence offered to prove the allegation that the appellant violated the condition of probation that he would commit no offense against the laws of this state, by the delivery of heroin to Eddie Brown on the 10th day of May, 1974. The appellant urges that the evidence is insufficient to sustain this allegation because there is no evidence of probative value to support the allegation that the substance delivered to Eddie Brown was heroin.

The State asserts that there is sufficient evidence to prove that the substance delivered to Eddie Brown by the appellant was heroin as alleged. Brown, an experienced narcotic officer, who was working as an undercover agent, made a Marquis reagent field test of the substance he obtained from

1. We observe the order revoking probation incorrectly recites these conditions in different language than the order entered when probation was granted.

the appellant. He testified there was a positive reaction to the Marquis reagent, which indicated that the substance delivered to him by the appellant was an opiate derivative. The chemist who analyzed the substance was not called as a witness, but Brown's hearsay testimony that the chemist told him the substance was heroin was admitted without objection. The State also argued that Brown, who was an experienced narcotic officer, observed the powdered substance which was in an orange balloon, and that his opinion as an expert that the substance was heroin is sufficient to sustain the court's finding.

■ A Marquis reagent test which is positive does not prove a substance is heroin. Brown correctly testified that it was merely evidence that the substance was an opiate derivative. There are at least twenty-five organic substances that can be extracted from opium; morphine, codeine and paregoric are among these substances. Drugs of Abuse, Drug Enforcement Administration, U.S. Dept. of Justice, 3rd ed. Brown's testimony that he was told by the "DEA lab" chemist the substance was heroin is hearsay evidence of no probative value. *Mendoza v. State*, 522 S.W.2d 898 (Tex.Cr. App.1975); *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App.1975).

This Court has held that an experienced officer may be qualified to testify that a certain green leafy plant substance is marihuana. *Miller v. State*, 168 Tex.Cr.R. 570, 330 S.W.2d 466 (1959); *Satery v. State*, 455 S.W.2d 294 (Tex.Cr.App.1970); *Jordan v. State*, 486 S.W.2d 784 (Tex.Cr.App.1972); *Boothe v. State*, 474 S.W.2d 219 (Tex.Cr. App.1971). However, we are unwilling to say that an experienced officer can look at a white or brown powdered substance and testify that it is heroin since morphine, codeine, paregoric, other opiates, other controlled substances, and noncontrolled substances also appear in white or brown powdered form. A green leafy plant substance which is marihuana has different characteristics from other green leafy plant substances; an expert can determine the difference. The evidence here does not show

that even the experienced expert can distinguish one white or brownish powdered substance from another and determine which is heroin.

■ The State is required to show in a revocation of probation proceeding that the court's order is supported by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1975). The State has failed to show by a preponderance of the evidence that the substance delivered by the appellant to Brown was heroin. See *Roberts v. State*, 537 S.W.2d 461 (Tex.Cr. App.1976); cf. *United States v. Gregorio*, 497 F.2d 1253 (4th Cir.1974) cert. denied 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298; *United States v. Atkins*, 473 F.2d 308 (8th Cir.1973).

■ Officer Brown testified that in May, 1975, in federal court the appellant had been found guilty of an offense arising out of the same transaction relied upon for revocation of probation in this case. Since there is no evidence that the federal conviction was final, the State quite properly does not rely upon that conviction as evidence to sustain the order of revocation here. See *Harris v. State*, 169 Tex.Cr.R. 71, 331 S.W.2d 941 (1960); *Jansson v. State*, 473 S.W.2d 40 (Tex.Cr.App.1971); *Prince v. State*, 503 S.W.2d 777 (Tex.Cr.App.1974).

There is no explanation in the record and we are at a loss to understand why the State failed to call the chemist who it was said analyzed the substance to prove by him, if it could, that the substance in question was heroin. If that chemist was for some good reason unavailable, why did the State not have another chemist who was close by and available as a witness analyze the substance so it could offer his testimony? Under the record submitted, we must find there was an abuse of discretion in revoking the appellant's probation.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS and ODOM, JJ., dissent.