WR-82,970-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/30/2015 12:10:28 PM
Accepted 6/30/2015 12:14:24 PM
ABEL ACOSTA
CLERK

**No. WR-82,970-01**

In the
Court of Criminal Appeals of Texas
at Austin

———————◆———————

**Cause No. 1445686-A**
In the 208th District Court
of Harris County, Texas

———————◆———————

**Ex parte MICHAEL JAMES WILLIAMS**

———————◆———————

STATE'S BRIEF

———————◆———————

**Devon Anderson**
District Attorney
Harris County, Texas

**Inger H. Chandler**
Assistant District Attorney
Harris County, Texas
State Bar No. 24041051
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713-755-1570
Fax No.: 713-368-9275
Chandler_Inger@dao.hctx.net

*Counsel for The State of Texas*

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPLICANT

i

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.2(a), a complete list of the names of all interested parties is provided below so that the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Counsel for the State:

**Devon Anderson –** District Attorney of Harris County

**Inger H. Chandler –** Assistant District Attorney on appeal

**Greg Houlton –** Assistant District Attorney at trial

Applicant:

**Michael James Williams**

Counsel for Applicant:

**Nicolas Hughes** – Counsel on appeal

**Jaime Garcia Acosta** – Counsel at trial

Trial Judge:

**Hon. Denise Collins –** Presiding Judge

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS.................................................................................... iii

INDEX OF AUTHORITIES................................................................................iv

STATEMENT OF THE CASE.............................................................................1

STATEMENT REGARDING ORAL ARGUMENT ..............................................1

ISSUE PRESENTED ..........................................................................................2

STATEMENT OF THE PROCEDURAL HISTORY...............................................2

STATEMENT OF FACTS ...................................................................................3

SUMMARY OF THE ARGUMENT .....................................................................5

ARGUMENT .....................................................................................................6

    *The applicant's plea of guilty to the felony offense of possession of a controlled substance was involuntary when the substances seized and tested by the Houston Forensic Science Center contained illicit materials other than those alleged in the charging instrument and belonging to a different penalty group.* ...........................................6

    *In the narrowly-tailored circumstance of pre-indictment pleas of guilty to drug possession charges, if a variance between the illicit substance alleged in the charging instrument and the results of a confirmatory laboratory report result in a conviction under an incorrect statute, habeas relief must be granted to maintain the integrity of the conviction* ...........................................12

PRAYER FOR RELIEF ....................................................................................13

CERTIFICATE OF SERVICE ..........................................................................14

APPENDIX.......................................................................................................15

# INDEX OF AUTHORITIES

**Cases**

*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963) ....................2

*Curtis v. State*, 548 S.W.2d 57 (Tex.Crim.App. 1977).......................................... 10

*Ex parte Bisor*, No. WR-82,382-01, 2014 WL 6789865 (Tex. Crim. App. 2014) (not designated for publication) ...........................................................................12

*Ex parte Lucas*, No. WR-82,306-01, 2014 WL 6789947 (Tex. Crim. App. 2014) (not designated for publication) ...........................................................................12

*Ex parte Mable*, 443 S.W.3d 129 (Tex.Crim.App. 2014) .......................................12

*Ex parte Mayo*, No. WR-82,047-01, 2014 WL 6788221 (Tex. Crim. App. 2014) (not designated for publication) ...........................................................................12

*Ex parte Williams*, No. WR-82,307-01, 2014 WL 6788359 (Tex. Crim. App. 2014) (not designated for publication) ...........................................................................12

*Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App. 1993) ......................11

*Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. 1981) ...............................11


**Statutes**

TEX. CODE CRIM. PROC. art. 11.07 ...........................................................................16

TEX. HEALTH & SAFETY CODE § 481.102...................................................... 7, 9

TEX. HEALTH & SAFETY CODE § 481.103 ................................................................5

TEX. HEALTH & SAFETY CODE § 481.115................................................................5

TEX. HEALTH & SAFETY CODE § 481.116................................................................5

TEX. HEALTH & SAFETY CODE §§ 481.101-481.105 ...............................................7

TEX. HEALTH & SAFETY CODE §§ 481.112-481.118 ...............................................7

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

The State of Texas, by and through the undersigned Harris County Assistant District Attorney, files its brief in response to the Court of Criminal Appeals' filing and setting for submission the issue of whether the applicant's plea of guilty to the felony offense of possession of a controlled substance was involuntary when the substances seized and tested contained illicit materials other than those alleged; and the State would show the following:

## STATEMENT OF THE CASE

This case involves an application for writ of habeas corpus filed by the applicant, Michael James Williams, pursuant to TEX. CODE OF CRIM. PROC. art. 11.07. The applicant is seeking habeas relief from his plea of guilty and subsequent felony conviction for the offense of possession of a controlled substance in cause number 1445686 (the primary case).

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State requests oral argument only if oral argument is requested by the applicant.

1

## ISSUE PRESENTED

(1)     Whether the applicant's plea of guilty to the felony offense of possession of a controlled substance was involuntary when the substances seized and tested contained illicit materials other than those alleged.

## STATEMENT OF THE PROCEDURAL HISTORY

On December 2, 2014, the applicant entered a plea of guilty to the primary case and was convicted of the third-degree felony offense of possession of a penalty group two controlled substance, namely, 3,4-methylenedioxy methamphetamine[1] (more than one and less than four grams). Pursuant to a plea bargain agreement, the applicant was sentenced by the trial court to two (2) years in the Texas Department of Criminal Justice – Institutional Division.

On January 23, 2015, the State received a copy of the laboratory report associated with the applicant's disposed case from the Houston Forensic Science Center. The laboratory report indicated that the controlled substance possessed by the applicant was methamphetamine, not 3,4-methylenedioxy methamphetamine, as alleged in the criminal complaint and judgment. The State immediately forwarded the laboratory report to the Harris County Public Defender's Office, pursuant to its continuing obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963).

---

[1] Commonly known as "ecstasy" (in pill form) or "molly" (in a crystalline powder form).

On February 19, 2015, the applicant, represented by Harris County Assistant Public Defender Nicholas Hughes, filed an application for writ of habeas corpus, cause number 1445686-A. On February 27, 2015, the trial court signed the parties' Agreed Findings of Fact and Conclusions of Law and recommended that relief be granted in the applicant's case.

On April 22, 2015, the Court of Criminal Appeals remanded the application for further briefing on the legal issues presented by the application.

## STATEMENT OF FACTS

On October 20, 2014, the applicant was arrested and charged with the second-degree felony offense of possession of a penalty group one controlled substance, namely, cocaine (weighing more than 4 and less than 200 grams), in cause number 1445685, and the third-degree felony offense of possession of a penalty group two controlled substance, namely, 3,4-methylenedioxy methamphetamine (weighing more than one and less than four grams), in cause number 1445686 (the primary case). *See Appendix, State's Exhibit A & B, Criminal Complaints*, cause nos. 1445685 and 1445686, respectively.[2]

---

[2] The applicant's co-defendant, Charles Lamont Waller, was arrested and charged with the second-degree felony offense of possession of a penalty group one controlled substance, namely, cocaine (more than four and less than two hundred grams), in cause number 1445687, and the third-degree felony offense of possession of a penalty group two controlled substance, namely,

3

On December 2, 2014, the applicant waived indictment in the primary case and entered into a plea agreement with the State of Texas. *See February 27, 2015, Court's Findings of fact, Conclusions of Law, and Order*, cause no. 1445686-A. After a plea of guilty, the applicant was sentenced by the trial court to two (2) years in the Texas Department of Criminal Justice – Institutional Division. *See Appendix, State's Exhibit C, Judgment of Conviction by Court – Waiver of Jury Trial,* cause no. 1445686. As part of the applicant's plea bargain agreement, cause number 1445685 was dismissed on motion of the State.[3] *See Appendix, State's Exhibit D, Motion to Dismiss,* cause no. 1445685.

On January 23, 2015, nearly two months after the applicant's plea, the State received a copy of the laboratory report associated with the applicant's cases from the Houston Forensic Science Center. *See Appendix, State's Exhibit E, Laboratory Report #1, Houston Forensic Science Center.* The laboratory report indicated that the controlled substances possessed by the applicant were methamphetamine (1.48 grams) and cocaine (6.99 grams), not 3,4-methylenedioxy methamphetamine and cocaine as alleged in the criminal complaints. *See Appendix, State's Exhibits A, B and E.* The State immediately forwarded the laboratory report to the Harris County Public Defender's Office pursuant to its continuing obligation to disclose

---

3,4-methylenedioxy methamphetamine (more than one and less than four grams), in cause number 1445688.
[3] The applicant's co-defendant, Charles Lamont Waller, received an identical plea bargain agreement.

4

exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963).[4] *See Appendix, State's Exhibit F, E-mail correspondence between Harris County District Attorney's Office and Harris County Public Defender's Office dated January 23, 2015.*

On February 19, 2015, the applicant, represented by Harris County Assistant Public Defender Nicholas Hughes, filed an application for writ of habeas corpus, cause number 1445686-A, alleging that the applicant's plea was involuntary and that his conviction violates due process. *See applicant's writ.*

Based on the State's belief that the applicant's conviction in the primary case was, in fact, erroneous, the State joined the applicant in filing Agreed Findings of Fact and Conclusions of Law. On February 27, 2015, the trial court signed the parties' agreed findings and recommended that relief be granted in the applicant's case. *See February 27, 2015, Court's Findings of fact, Conclusions of Law, and Order*, cause no. 1445686-A.

## SUMMARY OF THE ARGUMENT

The applicant's plea of guilty to the third-degree felony offense of possession of a controlled substance was involuntary when the substances seized and tested by the Houston Forensic Science Center contained illicit materials other

---

[4] The applicant's co-defendant, Charles Lamont Waller, has a pending writ of habeas corpus on this identical issue, No. WR-83,098-01.

than those alleged in the charging instrument and belonging to a different penalty group. The applicant pled guilty to possessing 3,4-methylenedioxy methamphetamine, a penalty group two controlled substance, when, in fact, he possessed methamphetamine, a penalty group one controlled substance. Due to the categorizing of drug possession offenses by penalty group under the Texas Controlled Substances Act (Chapter 481, TEX. HEALTH & SAFETY CODE), and the potentially differing punishment ranges associated with each penalty group, the State believes that the applicant's conviction in the primary case was, in fact, erroneous.

In the narrowly-tailored circumstance of <u>pre-indictment pleas of guilty</u> to drug possession charges, if a variance is discovered between the illicit substance alleged in the charging instrument and the results of a confirmatory laboratory report, <u>and that variance results in a conviction under an incorrect statute</u>, habeas relief must be granted to maintain the integrity of the conviction. The State's duty to seek justice requires that known errors in convictions be corrected as expeditiously as possible.

## **ARGUMENT**

**THE APPLICANT'S PLEA OF GUILTY TO THE FELONY OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE WAS INVOLUNTARY WHEN THE SUBSTANCES SEIZED AND TESTED BY THE HOUSTON FORENSIC SCIENCE CENTER CONTAINED ILLICIT MATERIALS OTHER THAN THOSE ALLEGED IN THE CHARGING INSTRUMENT AND BELONGING TO A DIFFERENT PENALTY GROUP.**

Chapter 481 of the TEXAS HEALTH AND SAFETY CODE sets out the Texas Controlled Substances Act. The act categorizes controlled substances by penalty group. *See* TEX. HEALTH & SAFETY CODE §§ 481.101-481.105. Within each penalty group, the act further categorizes each penalty group by degree of offense and punishment range. *See* TEX. HEALTH & SAFETY CODE §§ 481.112-481.118.

In cause number 1445685, the applicant was arrested and charged – with specificity – with possessing cocaine, a penalty group one controlled substance. *See* TEX. HEALTH & SAFETY CODE § 481.102(3)(d). No other penalty group in the Texas Controlled Substances Act contains cocaine. The weight of the cocaine was between 4 and 200 grams; thus, the applicant was charged with the second-degree felony offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE § 481.115(d).

Likewise, in cause number 1445686, the applicant was arrested and charged – with specificity – with possessing 3,4-methylenedioxy methamphetamine, a penalty group two controlled substance. *See* TEX. HEALTH & SAFETY CODE § 481.103(1). No other penalty group in the Texas Controlled Substances Act contains 3,4-methylenedioxy methamphetamine. The weight of the 3,4-methylenedioxy methamphetamine was between 1 and 4 grams; thus, the applicant was charged with the third-degree felony offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE § 481.116(c).

Because the applicant was charged with possessing two different controlled substances that belong to two different penalty groups, the applicant was charged with two separate offenses. Controlled substance offenses not only have potentially different punishment ranges based on the penalty group to which they are assigned, but at the Harris County District Attorney's Office, they are further categorized by separate and distinct NCIC/TCIC codes for crime reporting purposes:

| Possession of PG 1 | less than 1 gram – State Jail | 5599 04 |
| | 1-4 grams – 3rd Degree | 5599 05 |
| | 4-200 grams – 2nd Degree | 5599 06 |
| | 200-400 grams – 1st Degree | 5599 07 |
| | >400 grams – 1st Degree (10yr min) | 3599 03 |
| Possession of PG 2 | less than 1 gram – State Jail | 5599 08 |
| | 1-4 grams – 3rd Degree | 5599 09 |
| | 4-400 grams – 2nd Degree | 5599 10 |
| | >400 – 1st Degree | 3599 06 |
| Possession of PG 3 | less than 28 grams – Class A Misd. | 5599 11 |
| | 28-200 grams – 3rd Degree | 5599 12 |
| | 200-400 grams – 2nd Degree | 5599 13 |
| | >400 grams – 1st Degree | 3599 09 |
| Possession of PG 4 | less than 28 grams – Class B Misd. | 5599 14 |
| | 28-200 grams – 3rd Degree | 5599 15 |
| | 200-400 grams – 2nd Degree | 5599 16 |
| | >400 grams – 1st Degree | 3599 12 |

*See* TEX. HEALTH & SAFETY CODE §§ 481.112-481.118.

Therefore, the applicant was charged in cause number 1445685 with the second-degree felony offense of possession of a controlled substance, namely, cocaine, with a distinctive NCIC code of 5599 06. *See Appendix, State's Exhibit*

8

*A*. He was further charged in cause number 1445686 with the third-degree felony offense of possession of a controlled substance, namely, 3,4-methylenedioxy methamphetamine, with a distinctive NCIC code of 5599 09. *See Appendix, State's Exhibit B*.

On December 2, 2014, on his second court appearance and without the benefit of the results of the confirmatory laboratory testing, the applicant waived indictment in the primary case and entered into a plea agreement with the State of Texas. *See February 27, 2015, Court's Findings of fact, Conclusions of Law, and Order*, cause no. 1445686-A. After a plea of guilty, the applicant was sentenced by the trial court to two (2) years in the Texas Department of Criminal Justice – Institutional Division. *See Appendix, State's Exhibit C*.

On January 23, 2015, nearly two months after the applicant's plea, the State received a copy of the laboratory report associated with the applicant's cases from the Houston Forensic Science Center. *See Appendix, State's Exhibit E*. The laboratory report indicated that the controlled substances possessed by the applicant were cocaine (6.99 grams) and methamphetamine (1.48 grams), not cocaine and 3,4-methylenedioxy methamphetamine as alleged in the criminal complaints. *See Appendix, State's Exhibits A, B and E*. Methamphetamine is a penalty group one controlled substance. *See* TEX. HEALTH & SAFETY CODE §

9

481.102(6). No other penalty group in the Texas Controlled Substances Act contains methamphetamine.

It is well established that a positive chemical field test, and an officer's subsequent testimony about the result of said field test, is insufficient evidence to support a conviction. *See Curtis v. State*, 548 S.W.2d 57, 59 (Tex.Crim.App. 1977). In the applicant's case, the only evidence that he was privy to at the time of his plea was the result of the chemical field test. Because he was unaware that the confirmatory testing would yield a different result, his plea of guilty to possessing 3,4-methylenedioxy methamphetamine was unknowing and involuntary. Had the parties known of the variance at the time of the applicant's plea, the case could have been refiled by the Harris County District Attorney's Office to reflect the correct controlled substance, the correct penalty group, and the correct NCIC code.

It is as simple and as complicated as this: the applicant is not now, nor has he ever been, guilty of possessing 3,4-methylenedioxy methamphetamine. Had the State proceeded to trial without a confirmatory laboratory report, the jury would have been instructed to acquit the applicant. *Id.* Had the State proceeded to trial with a confirmatory laboratory report indicating methamphetamine, but had not refiled (or at least fully and properly amended) the charging instrument, the jury would have been instructed to acquit the applicant if the State did not prove

10

beyond a reasonable doubt that the applicant had possessed 3,4-methylenedioxy methamphetamine. Again, the jury would have had no choice but to acquit.

The undersigned Assistant District Attorney has found no indication, neither in case law nor statute, that possession of 3,4-methylenedioxy methamphetamine is a lesser-included offense of possession of methamphetamine. As this Court is aware, a two-part test is used to determine whether a lesser-included offense may be submitted to a jury. *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App. 1993). First, the lesser offense must be included within the proof necessary to establish the offense charged. *Id.* Second, some evidence must exist in the record that would permit a jury to rationally find that if the applicant is guilty, he is guilty *only* of the lesser offense. *Rousseau,* 855 S.W.2d at 672–73; *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. 1981). In the applicant's case, it cannot be said that possession of 3,4-methylenedioxy methamphetamine is included within the proof necessary to establish the offense of possession of methamphetamine. If anything, the opposite may be true.

Simply put, the applicant stands convicted of the wrong offense and, as a result, has asserted a claim that his plea was unknowing and involuntary. Because the evidence in possession of the State does not support the applicant's conviction, the State agrees that the applicant is entitled to relief.

11

**IN THE NARROWLY-TAILORED CIRCUMSTANCE OF PRE-INDICTMENT PLEAS OF GUILTY TO DRUG POSSESSION CHARGES, IF A VARIANCE BETWEEN THE ILLICIT SUBSTANCE ALLEGED IN THE CHARGING INSTRUMENT AND THE RESULTS OF A CONFIRMATORY LABORATORY REPORT RESULTED IN A CONVICTION UNDER AN INCORRECT STATUTE, HABEAS RELIEF MUST BE GRANTED TO MAINTAIN THE INTEGRITY OF THE CONVICTION.**

The State has a vested interest in maintaining the integrity of their convictions and the accuracy of their crime reporting. Convictions that are "close enough" do not help the State fulfill those interests. This Court has previously held that confirmatory laboratory test results that show no illicit substances render a guilty plea unknowing and involuntary. *See Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). Additionally, this court has cited *Mable* in the granting habeas relief in other applications involving 3,4-methylenedioxy methamphetamine and methamphetamine. *See Ex parte Lucas*, No. WR-82,306-01, 2014 WL 6789947 (Tex. Crim. App. 2014)(not designated for publication); s*ee also Ex parte Mayo*, No. WR-82,047-01, 2014 WL 6788221 (Tex. Crim. App. 2014)(not designated for publication); *see also Ex parte Williams*, No. WR-82,307-01, 2014 WL 6788359 (Tex. Crim. App. 2014)(not designated for publication); *see also Ex parte Bisor*, No. WR-82,382-01, 2014 WL 6789865 (Tex. Crim. App. 2014)(not designated for publication).

This Court should hold that when variances occur between the controlled substance alleged in a charging instrument and the confirmatory laboratory report,

12

resulting in a conviction under an inaccurate statutory provision, habeas relief should be granted to afford the parties the opportunity to correct the error in a timely manner.

## **PRAYER FOR RELIEF**

Based on the foregoing, the State respectfully requests that this Court grant the application for writ of habeas corpus.

/ s / Inger H. Chandler
INGER H. CHANDLER
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-1570
(713) 368-9275 (telecopier)
State Bar No. 24041051

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing instrument has been served on the following counsel of record:

Mr. Nicolas Hughes
Harris County Public Defender's Office
1201 Franklin Street, 13th Floor
Houston, TX 77002

Date: June 23, 2015

/ s / Inger H. Chandler
INGER H. CHANDLER

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of TEX. R. APP. PROC. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the page and word count limitations of TEX. R. APP. PROC. 9.4(I), if applicable, because it contains 2289 words excluding portions not to be counted under TEX. R. APP. PROC. 9.4(I)(1).

/ s / Inger H. Chandler
INGER H. CHANDLER

# APPENDIX

# APPENDIX

# STATE'S EXHIBIT A

THE STATE OF TEXAS
VS.

**MICHAEL JAMES WILLIAMS**
9414 HENO #1
HOUSTON, TX 77051

02650370

SPN:
DOB: BM 7-31-1995
DATE PREPARED: 10/20/2014

D.A. LOG NUMBER:2108118
CJIS TRACKING NO.:917029464X-A001

BY: GU  DA NO: 002290734
AGENCY:HPD
O/R NO: 133785314
ARREST DATE: 10-20-2014

NCIC CODE: 5599 06

RELATED CASES: **WALLER- F**

FELONY CHARGE: **POSSESSION OF A  CONTROLLED SUBSTANCE**
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:
FIRST SETTING DATE:

**1445685**
**208**

BAIL: $30,000
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **MICHAEL JAMES WILLIAMS**, hereafter styled the Defendant, heretofore on or about **OCTOBER 20, 2014**, did then and there unlawfully intentionally and knowingly possess a controlled substance, namely, COCAINE, weighing more than 4 grams and less than 200 grams by aggregate weight, including any adulterants and dilutants.

**FILED**
Chris Daniel
District Clerk

OCT 2 1 2014

Time:_____
Harris County, Texas
By_____
Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on **October 20, 2014**

_____
AFFIANT

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

BAR NO.

**COMPLAINT**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 22, 2015

Certified Document Number:        62839439 Total Pages:  1

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# STATE'S EXHIBIT B

THE STATE OF TEXAS
VS.

**MICHAEL JAMES WILLIAMS**
**9414 HENO #1**
**HOUSTON, TX 77051**

<u>02650370</u>

SPN:
DOB: BM 07/31/1995
DATE PREPARED: 10/20/2014

D.A. LOG NUMBER:2108118
CJIS TRACKING NO.:917029464X-A002

BY: DNB  DA NO: 002290734
AGENCY:HPD
O/R NO: 133785314
ARREST DATE: 10/20/2014

NCIC CODE: 5599 09

RELATED CASES:  1 OTHER (F), CO DEF WALLER- F

FELONY CHARGE:  **POSSESSION OF A CONTROLLED SUBSTANCE**
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:
FIRST SETTING DATE:

<u>1445686</u>
<u>208</u>

BAIL: $10,000
PRIOR CAUSE NO:

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **MICHAEL JAMES WILLIAMS**, hereafter styled the Defendant, heretofore on or about **OCTOBER 20, 2014**, did then and there unlawfully intentionally and knowingly possess a controlled substance, namely, 3,4-METHYLENEDIOXY METHAMPHETAMINE, weighing more than 1 gram and less than 4 grams by aggregate weight, including any adulterants and dilutants.

FILED
Chris Daniel
District Clerk

OCT 2 1 2014

Time:_____
Harris County, Texas
By_____ Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on **October 21, 2014**

_____
AFFIANT

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

_____
BAR NO.

**COMPLAINT**

Certified Document Number: 62839497 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 22, 2015

Certified Document Number:        62839407 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# STATE'S EXHIBIT C



| THE STATE OF TEXAS | § | IN THE 208TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| WILLIAMS, MICHAEL JAMES | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50187949 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. DENISE COLLINS | Date Judgment Entered: | 12/02/2014 |
|---|---|---|---|
| Attorney for State: | GREG HOULTEN | Attorney for Defendant: | ACOSTA, JAIME GARCIA |

**Offense for which Defendant Convicted:**
**POSS CS METHYLENEDIOXY METHAMPHETAMINE PG 2 1-4 GRAMS**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INFORMATION** | **N/A** |

**Date of Offense:**
**10/20/2014**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **3RD DEGREE FELONY** | **GUILTY** | **N/A** |

**Terms of Plea Bargain:**
**2 YEARS TDC**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | **12/02/2014** | Date Sentence to Commence: | **12/02/2014** |
|---|---|---|---|

| Punishment and Place of Confinement: | **2 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ *299.00* | $ N/A | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | | | |
|---|---|---|---|
| From 10/20/2014 to 12/02/2014 | | From to | |
| | | From to | |
| Time Credited: From to | | From to | |
| From to | | | |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS** NOTES: **N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Harris County, Texas**. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the **Sheriff of Harris County, Texas** on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

Signed and entered on 12/02/2014

**DENISE COLLINS**
JUDGE PRESIDING

Notice of Appeal Filed:

Mandate Received: Type of Mandate:

After Mandate Received, Sentence to Begin Date is:

Jail Credit:

Def. Received on at ☐ AM ☐ PM

By:, Deputy Sheriff of Harris County

Right Thumbprint

Clerk: E COLLINS
Case Number: **144568601010**
Defendant: **WILLIAMS, MICHAEL JAMES**

FIN (CAS 20.10): EN/KR04: LCBT: LCBU: EN/KR18:

Certified Document Number: 63389403 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 15, 2015

Certified Document Number:      63389403 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# STATE'S EXHIBIT D

OFFENSE: __PCS__

CAUSE NO. __1445685__

THE STATE OF TEXAS

IN THE __208__ DISTRICT COURT
IN COUNTY CRIMINAL COURT AT LAW NO.____

VS.

__Michael Willis__

OF
HARRIS COUNTY, TEXAS

**MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- ☒ The Defendant was convicted in another case. __1445686__
- ☐ In custody elsewhere.
- ☐ Old case, no arrest.
- ☐ Missing witness.
- ☐ Request of complaining witness.
- ☐ Motion to suppress granted.
- ☐ Co-Defendant tried, this Defendant testify.
- ☐ Insufficient evidence.
- ☐ Co-Defendant convicted, insufficient evidence this Defendant.
- ☐ Case refiled as cause no. _____
- ☐ Other.

FILED
Chris Daniel
District Clerk
Time: _____
DEC 02 2014
By _____
Harris County, Texas
Deputy

EXPLANATION:

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

_____
Assistant District Attorney
Harris County, Texas

**ORDER**

The foregoing motion having been presented to me on this the __2__ day of __DECEMBER__ A.D.20__14__ and the same having been considered, it is, therefore, ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_____
JUDGE
__208__ DISTRICT COURT
COUNTY CRIMINAL COURT AT LAW NO. _____
HARRIS COUNTY, TEXAS

White-Original

Yellow-Defendant's Copy

Pink-State's Copy

Certified Document Number: 63357493 - Page 1 of 1

II-147-(06/03)



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 19, 2015

Certified Document Number:        63357493 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# STATE'S EXHIBIT E



# Houston Forensic Science Center

### Forensic Analysis Division
### Controlled Substances Section
1200 Travis Street, Houston, Texas 77002
(713) 308-2600



FORENSIC TESTING
ISO/IEC 17025

| | |
|---|---|
| **Incident Number:** | 133785314 |
| **Forensic Case Number:** | 2014-21731 |

**Report Date:** January 23, 2015

## Laboratory Report #1

**Reference:** N/A

**Suspect(s):** Charles L. Waller
Michael J. Williams

**Items of Evidence:**

| Item | Description |
|---|---|
| 2 | sealed evidence envelope |
| 2.1 | ziplock with |
| 2.1.1 | plastic bag with |
| 2.1.1.1 | 8 purple tablets |
| 2.1.1.2 | 4 purple tablets |
| 2.1.1.3 | 4 pink tablets |
| 2.1.1.4 | 2 pink tablets |
| 2.1.1.5 | 1 orange tablet |
| 3 | sealed evidence envelope |
| 3.1 | ziplock with baggie with white powder |

**Results and Interpretations:**

| Item | Net Weight | Results |
|---|---|---|
| 2.1.1.1 | 1.48 grams | Contains methamphetamine |
| 3.1 | 6.99 grams | Contains cocaine |

Reported results of analysis for item(s) 2.1.1.1 included individual screening of all exhibits and testing of a composite sample(s) by GC/MS.

Unless otherwise noted above: All reported items were individually identified by at least two tests including GC/MS or FTIR, all reported items identified as marihuana included a microscopic examination and at least one other test, and reported net weights do not include packaging.

Items of evidence not listed under Results and Interpretations were retained with no analysis.

*The Houston Forensic Science Center is accredited by ANSI-ASQ National Accreditation Board/FQS and the Texas DPS in the following forensic testing categories: Drugs, Toxicology, Biology and Firearms.*

Angelica Noyola  
Criminalist  
Assigned Analyst

James T Miller  
Criminalist Lab Manager  
Technical Reviewer  
Administrative Reviewer

*The Houston Forensic Science Center is accredited by ANSI-ASQ National Accreditation Board/FQS and the Texas DPS in the following forensic testing categories: Drugs, Toxicology, Biology and Firearms.*

# STATE'S EXHIBIT F

# Chandler, Inger

**From:** Satterwhite, Keith
**Sent:** Friday, January 23, 2015 12:48 PM
**To:** Hughes, Nicolas (Public Defender's Office); Wicoff, Bob (Public Defender's Office)
**Cc:** Bax, Dick; Chandler, Inger
**Subject:** Michael James Williams - #1445686
**Attachments:** 133785314-2014-21731-1-CS.PDF

Nicolas/Bob-

Defendant pled 12/2/14 to PCS 1-4 grams (MDMA) – sentenced to 2 years TDCJ. Lab found different drug – methamphetamine.

Keith Satterwhite
Paralegal
Conviction Review
Harris County District Attorney's Office
1201 Franklin Street, Ste. 600
Houston, TX 77002
713-755-1570

This e-mail is the work product of the Harris County District Attorney's Office prepared in anticipation of or in the course of preparing for criminal or civil litigation. This e-mail reflects the mental impressions or legal reasoning of an attorney representing the State of Texas or his staff. This e-mail is not subject to public disclosure without the express permission of the Harris County District Attorney or his designated representative.

1