WR-82,876-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/24/2015 3:07:14 PM
Accepted 8/24/2015 3:17:45 PM
ABEL ACOSTA
CLERK

**No. WR-82,876-01**

In the
Court of Criminal Appeals of Texas
at Austin

━━━━━━◆━━━━━━

**Cause No. 1121345-A**
In the 179th District Court
of Harris County, Texas

━━━━━━◆━━━━━━

# Ex parte BRYAN ELLIOTT PALMBERG

━━━━━━◆━━━━━━

STATE'S BRIEF

━━━━━━◆━━━━━━

**Devon Anderson**
District Attorney
Harris County, Texas

**Inger H. Chandler**
Assistant District Attorney
Harris County, Texas
State Bar No. 24041051
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713-755-1570
Fax No.: 713-368-9275
Chandler_Inger@dao.hctx.net

*Counsel for The State of Texas*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.2(a), a complete list of the names of all interested parties is provided below so that the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Counsel for the State:

**Devon Anderson –** District Attorney of Harris County

**Inger H. Chandler –** Assistant District Attorney on habeas

**Stacy Allen Sederis –** Assistant District Attorney at trial

Applicant:

**Bryan Elliott Palmberg**

Counsel for Applicant:

**Nicolas Hughes** – Counsel on habeas

**Heather Harrison Hall** – Counsel at trial

Trial Judge:

**Hon. J. Michael Wilkinson –** Presiding Judge

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .......................................................... ii

TABLE OF CONTENTS.................................................................................... iii

INDEX OF AUTHORITIES................................................................................iv

STATEMENT OF THE CASE...............................................................................1

STATEMENT REGARDING ORAL ARGUMENT ..............................................1

ISSUE PRESENTED ............................................................................................2

STATEMENT OF THE PROCEDURAL HISTORY ...........................................2

STATEMENT OF FACTS ....................................................................................3

SUMMARY OF THE ARGUMENT .....................................................................5

ARGUMENT .......................................................................................................6

*The applicant's plea of guilty to the felony offense of possession of a controlled substance was involuntary when the substances seized by Houston Police Department were fully consumed by a chemical field-test, leaving no remaining evidence for confirmatory testing by an accredited forensic laboratory.* ........................................................................6

PRAYER FOR RELIEF .......................................................................................7

CERTIFICATE OF SERVICE .............................................................................8

CERTIFICATE OF COMPLIANCE.....................................................................8

# INDEX OF AUTHORITIES

**Cases**

*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963) .................3, 5

*Curtis v. State*, 548 S.W.2d 57 (Tex.Crim.App. 1977)........................................ 5, 6

**Statutes**

TEX. CODE CRIM. PROC. art. 11.07 ...........................................................................1

**<u>TO THE HONORABLE COURT OF CRIMINAL APPEALS:</u>**

The State of Texas, by and through the undersigned Harris County Assistant District Attorney, files its brief in response to the Court of Criminal Appeals' filing and setting for submission the issue of whether the applicant's plea of guilty to the felony offense of possession of a controlled substance was involuntary when the substances seized by the Houston Police Department were fully consumed by a chemical field-test, leaving no remaining evidence for confirmatory testing by an accredited forensic laboratory.

<u>STATEMENT OF THE CASE</u>

This case involves an application for writ of habeas corpus filed by the applicant, Bryan Elliott Palmberg, pursuant to TEX. CODE OF CRIM. PROC. art. 11.07. The applicant is seeking habeas relief from his plea of guilty and subsequent felony conviction for the offense of possession of a controlled substance in cause number 1121345 (the primary case).

<u>STATEMENT REGARDING ORAL ARGUMENT</u>

Pursuant to TEX. R. APP. P. 39, the State requests oral argument. The State believes oral argument will assist the court in deciding not only the issue presented in this case, but in cases involving other variances in controlled substance

laboratory reports that have a material impact on the integrity of the underlying conviction, such as the identification of different controlled substances and/or different weights.

## ISSUE PRESENTED

(1)    Whether the applicant's plea of guilty to the felony offense of possession of a controlled substance was involuntary when the substances seized by the Houston Police Department were fully consumed by the chemical field-test, leaving no remaining evidence for confirmatory testing by an accredited forensic laboratory.

## STATEMENT OF THE PROCEDURAL HISTORY

On June 19, 2007, the applicant entered a plea of guilty to the primary case and was convicted of the state jail felony offense of possession of cocaine (less than one gram). The applicant entered into a plea bargain agreement with the State, and was sentenced by the trial court to ninety (90) days in the Harris County Jail pursuant to section 12.44(a) of the TEXAS PENAL CODE.

On September 15, 2009, the Houston Police Department Crime Laboratory drafted a letter to the Harris County District Attorney's Office indicating that the evidence had been examined, that the officer had used the entire visible sample in the field test, and that no unprocessed sample was available for analysis. On May 27, 2014, during a comprehensive review of controlled substance variance cases,

2

the State located this letter and immediately forwarded it to the Harris County Public Defender's Office, pursuant to its continuing obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963).

On January 27, 2015, the applicant, represented by Harris County Assistant Public Defender Nicholas Hughes, filed an application for writ of habeas corpus, cause number 1121345-A. On February 10, 2015, the trial court signed the parties' Agreed Findings of Fact and Conclusions of Law and recommended that relief be granted in the applicant's case.

On March 18, 2015, the Court of Criminal Appeals remanded the application for additional findings of fact. On May 19, 2015, the trial court signed the parties' Agreed Supplemental Findings of Fact and Conclusions of Law Pursuant to March 18, 2015 Order and recommended that relief be granted in the applicant's case.

On June 24, 2015, the Court of Criminal Appeals remanded the application for further briefing on the legal issue presented by the application.

## STATEMENT OF FACTS

On June 17, 2007, Houston Police Officer J.C. Masaba observed the applicant trespassing at a Burger King restaurant in Harris County, Texas. Officer Masaba found the applicant to be intoxicated and arrested him for the offense of

3

public intoxication. Incident to the applicant's arrest, Officer Masaba searched the applicant and retrieved a crack cocaine rock (with broken pieces) from the applicant's left front pants pocket. Officer Masaba field-tested the crack cocaine rock and received a positive result, indicating cocaine. The applicant was subsequently charged with the state jail felony offense of possession of a controlled substance, namely, cocaine (weighing less than 1 gram), in cause number 1121345.

On June 19, 2007, the applicant waived indictment in the primary case and entered into a plea agreement with the State of Texas. *See February 10, 2015, Agreed Findings of Fact and Conclusions of Law*, cause no. 1121345-A. After a plea of guilty, the applicant was sentenced by the trial court to ninety (90) days in the Harris County Jail, pursuant to section 12.44(a) of the TEXAS PENAL CODE. *Id.*

On September 15, 2009, over two years after the applicant's plea, the State received a letter from the Houston Police Department Crime Laboratory indicating that the evidence had been examined, that the officer had used the entire visible sample in the field test, and that no unprocessed sample was available for analysis. *See February 10, 2015, Agreed Findings of Fact and Conclusions of Law*, cause no. 1121345-A. On May 27, 2014, during a comprehensive review of controlled substance variance cases, the State located this letter and immediately forwarded it to the Harris County Public Defender's Office, pursuant to its continuing

4

obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963).

On January 27, 2015, the applicant, represented by Harris County Assistant Public Defender Nicolas Hughes, filed an application for writ of habeas corpus, cause number 1121345-A, alleging that the applicant's plea was involuntary and that his conviction violates due process. *See applicant's writ*. The State agrees.

## SUMMARY OF THE ARGUMENT

The applicant's plea of guilty to the state jail felony offense of possession of a controlled substance was involuntary when the substances seized by the Houston Police Department were fully consumed by a chemical field-test, leaving no remaining evidence for confirmatory testing by an accredited forensic laboratory. Under this Court's own jurisprudence in *Curtis v. State*, 548 S.W.2d 57 (Tex. Crim. App. 1977), a positive chemical field test alone is insufficient to support a controlled substances conviction. The applicant pled guilty to possessing less than one gram of cocaine; however, the substance seized from the applicant was never confirmed to be cocaine. As a result, the State believes that the applicant's conviction in the primary case was, in fact, erroneous.

5

## ARGUMENT

**THE APPLICANT'S PLEA OF GUILTY TO THE FELONY OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE WAS INVOLUNTARY WHEN THE SUBSTANCES SEIZED BY THE HOUSTON POLICE DEPARTMENT WERE FULLY CONSUMED BY THE CHEMICAL FIELD TEST, LEAVING NO REMAINING EVIDENCE FOR CONFIRMATORY TESTING BY AN ACCREDITED FORENSIC LABORATORY.**

A positive chemical field test, and an officer's subsequent testimony about the result of said field test, is insufficient evidence to support a conviction for possession of a controlled substance. *See Curtis v. State*, 548 S.W.2d 57 (Tex.Crim.App. 1977)(holding that neither an experienced narcotics officer's testimony that a substance field-tested positive for an opiate derivative, nor his hearsay testimony that he was told by a chemist that the substance was heroin, was sufficient to prove that substance was, in fact, heroin). In the applicant's case, the only evidence that he was privy to at the time of his plea was the result of the chemical field test. Because he was unaware that the substances seized from him had been fully consumed by the chemical field test, rendering them unavailable for confirmatory testing, his plea of guilty to possessing cocaine was unknowing and involuntary. Had the parties known of the variance at the time of the applicant's plea, the case would likely have been dismissed by the Harris County District Attorney's Office.

Simply put, the applicant stands convicted of an offense for which there is insufficient evidence. As a result, has asserted a claim that his plea was unknowing and involuntary. Because the evidence in possession of the State does not support the applicant's conviction, the State agrees that the applicant is entitled to relief. The State, however, welcomes guidance from the Court on how to handle variance cases in the future.

## PRAYER FOR RELIEF

Based on the foregoing, the State respectfully requests that this Court grant the application for writ of habeas corpus.

/ s / Inger H. Chandler
INGER H. CHANDLER
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-1570
(713) 368-9275 (telecopier)
State Bar No. 24041051

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been served on

the following counsel of record:

Mr. Nicolas Hughes
Harris County Public Defender's Office
1201 Franklin Street, 13th Floor
Houston, TX 77002


Date: August 24, 2015

/ s /  Inger H. Chandler
INGER H. CHANDLER


## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP.

PROC. 9.4(e) because it has been prepared in a conventional typeface no smaller

than 14-point for text and 12-point for footnotes.  This document also complies

with the page and word count limitations of TEX. R. APP. PROC. 9.4(i), if

applicable, because it contains 779 words excluding portions not to be counted

under TEX. R. APP. PROC. 9.4(i)(1).

/ s /  Inger H. Chandler
INGER H. CHANDLER