

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00078-CR
No. 02-21-00079-CR
No. 02-21-00080-CR

———————————————

NATHANIEL KYLE FURSTONBERG, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court Nos. CR19-0776, CR19-0777, CR19-0778

Concurring Memorandum Opinion by Justice Walker

**CONCURRING MEMORANDUM OPINION**

While I join the majority opinion as to Furstonberg's costs and fees issues, it is with lesser conviction that I join the majority in their holding that the evidence was legally sufficient for a rational factfinder to conclude beyond a reasonable doubt that the orange pills contained hydromorphone. However, because of the facts of this case—that a qualified expert visually identified the pills using a drug identification database over no objection from Furstonberg—and legal precedents that bless such method of identification, I am compelled to concur.

The State was required here to prove beyond a reasonable doubt that the orange pills possessed by Furstonberg did in fact contain the chemical substance hydromorphone. *See* Tex. Code Crim. Proc. Ann. art. 38.03. "Reasonable doubt" has been defined at various times as demanding moral certainty of a defendant's guilt, harboring doubt based on reason, or requiring a jury to acquit unless it is firmly convinced of guilt. *See Shumway v. State*, Nos. PD-0108-20, PD-0109-20, 2022 WL 301737, at *12 (Tex. Crim. App. Feb. 2, 2022) (Slaughter, J., concurring). However one defines it, we know that the State's burden is substantial and that the consequence for incorrectly applying that standard is, for defendants like Furstonberg, a matter of their personal liberty.

In drug prosecutions, chemical analysis is the most reliable method available to the State to determine whether a certain material constitutes a controlled substance. When you couple this fact with the State's heavy burden of proof, it is easy to

2

understand why, in cases like *Curtis,* the Texas Court of Criminal Appeals has held that mere visual identification is insufficient evidence to prove the existence of a controlled substance in powdered form.[1] *See Curtis v. State*, 548 S.W.2d 57, 59 (Tex. Crim. App. 1977). The court in *Curtis* could have held—as the majority holds here concerning the orange pills—that the weight and credibility of an experienced expert's visual identification of the heroin powder was left completely to the jury as factfinder. But it did not. Instead, the court reversed and questioned why the State did not call the chemist who had analyzed the heroin powder to testify concerning his analysis.[2] *Id.*

I am not convinced that there is such a strong distinction between a powdery substance in a baggie and a powdery substance milled into pill form that bears a few markings to warrant a holding divergent from *Curtis*. In many ways, criminal defendants have the proverbial cards stacked against them. I fear that slackening the

---

[1]Notably, in *Curtis* the State's burden was the lower preponderance standard applicable to probation revocation proceedings. 548 S.W.2d at 59. The court held that the visual identification of drugs there was insufficient even under that relaxed standard. *Id.*

[2]The majority also likens this case to the visual identification of marijuana, which can be done by an experienced police officer. I find this a problematic comparison, however, because it does not seem plausible that one could convincingly forge a marijuana plant. On the other hand, it seems entirely feasible that an enterprising person could take an ordinary, nondescript pill and stamp it to look like a controlled substance. And an expert using only visual clues would be none the wiser of that fact.

State's responsibility to determine the makeup of a controlled substance with more certainty would add another full deck to that pile.

In the end, though, my fears give way to the state of the law. I acknowledge that courts, both within Texas and without, almost uniformly agree that visual identification of marked pills by a qualified expert constitutes legally sufficient evidence. *See, e.g.*, *Knight v. State*, 457 S.W.3d 192, 199–200 (Tex. App.—El Paso 2015, pet. ref'd); *Smith v. State*, No. 06-13-00185-CR, 2014 WL 1379640, at *2 (Tex. App.—Texarkana Apr. 8, 2014, no pet.); *Woods v. State*, Nos. 14-07-00940-CR, 14-07-00941-CR, 2009 WL 1975547, at *8 (Tex. App.—Houston [14th Dist.] July 9, 2009, pet. ref'd); *Shaffer v. State*, 184 S.W.3d 353, 361 (Tex. App.—Fort Worth 2006, pet. ref'd); *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi–Edinburg 1990, pet. ref'd) ("An expert may identify a controlled substance without chemical analysis."); *see also People v. Mooring*, 223 Cal. Rptr. 3d 616, 629 n.11 (Cal. Ct. App. 2017) (collecting non-Texas state and federal cases holding the same).

For these reasons, I reluctantly concur.


/s/ Brian Walker
Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 6, 2022

4