

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00260-CR
_____

KENNETH RAY-BECK CLIFFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 15-22919; Honorable Trent D. Farrell, Presiding

November 9, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In October 2015, pursuant to a plea bargain, Appellant, Kenneth Ray-Beck Clifford, was convicted of possession of methamphetamine in an amount of less than one gram and sentenced to two years confinement in a state jail facility and assessed a $750 fine,[1] suspended in favor of three years community supervision. In February

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010).

2016, the State moved to revoke Appellant's community supervision alleging six violations of the conditions thereof. Specifically, the State alleged that Appellant (1) committed the new offense of possession of a controlled substance, (2) failed to avoid injurious and vicious habits, (3) failed to pay his fines and court costs as ordered, (4) failed to pay restitution as ordered, (5) failed to pay his supervision fees, and (6) failed to pay a fee to Crime Stoppers as ordered. Following a contested hearing on the State's motion, the trial court revoked Appellant's community supervision and imposed the original sentence of two years confinement, minus the fine and fees not otherwise required by statute. By four issues, Appellant challenges the trial court's judgment. Specifically, he maintains the trial court abused its discretion in revoking community supervision because (1) the evidence is insufficient to prove he possessed a controlled substance based solely on a presumptive field test; (2) the evidence is insufficient to prove he possessed methamphetamine without confirmation by a certified laboratory examination; (3) there was no evidence he failed to avoid injurious and vicious habits by virtue of his arrest for possession of a controlled substance; and (4) there was no evidence the failure to pay fines, fees, and court costs was intentional or willful because he was in custody at all relevant times. We affirm.

BACKGROUND

Appellant was arrested at a local Walmart after the loss prevention department recognized him as the suspect in a recent theft. Appellant gave the arresting officers consent to reach into his pockets where they found "a small pink Ziploc baggy that contained a crushed up crystal-like substance." The officer testified that in his

2

experience he suspected the substance was methamphetamine and a field test showed a positive result for methamphetamine. The substance weighed 0.3 grams.

Appellant also possessed an orange straw with residue and a used hypodermic needle with residue. He had a pharmacy bag with ten new hypodermic needles in his shopping cart which he claimed he had just purchased for his friends who were still methamphetamine users. He also claimed he was no longer using methamphetamine. Appellant was arrested for possession of a controlled substance.

The State presented two witnesses at the hearing on its motion. One of the arresting officers testified that the Texas Department of Public Safety crime lab tested the substance and confirmed it was methamphetamine. The officer did not, however, have the report with him at trial. The second witness, Appellant's community supervision officer, testified that based on his notes and records, Appellant was delinquent in his community supervision fees, restitution, and Crime Stoppers fee. No testimony was presented concerning whether Appellant failed to pay his fine as ordered by the court. His last payment was made in February 2016 and following his arrest in early March 2016, he made no further payments. During cross-examination, the witness testified that in preparation for the hearing, records indicated Appellant still owed $160 in "probation fees."

At the conclusion of the hearing, the trial court revoked Appellant's community supervision and assessed the original term of incarceration. This appeal followed.[2]

---

[2] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. §73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3.

3

STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)); *Lindsey v. State*, No. 10-15-00007-CR, 2016 Tex. App. LEXIS 8299, at *3 (Tex. App.—Waco Aug. 3, 2016, no pet.) (mem. op., not designated for publication). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). One sufficient ground for revocation supports the trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (citing *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978)).

4

ISSUE ONE

Appellant maintains the trial court abused its discretion in revoking his community supervision because the State failed to prove he possessed methamphetamine with only a presumptive field test. At trial, the officer testified the field test result was positive for methamphetamine. The State offered no further evidence concerning the nature of the alleged controlled substance; however, on cross-examination the officer stated that crime lab results from the Department of Public Safety confirmed that result. However, the lab report was not produced and there was no expert testimony confirming the substance Appellant possessed was methamphetamine. Appellant did not object to the officer's testimony or the lack of a crime lab report.

ANALYSIS

Appellant relies on *Curtis v. State*, 548 S.W.2d 57, 59 (Tex. Crim. App. 1977), to support his argument that field test results are insufficient to prove he possessed a controlled substance. Appellant acknowledges, however, that *Curtis* was decided when unobjected-to hearsay had no probative value.

Now, under Rule 802 of the Texas Rules of Evidence, inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay. TEX. R. EVID. 802; *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.—Austin 1999, no pet.); *Morgan v. State*, No. 05-93-01012-CR, 1994 Tex. App. LEXIS 3961, at *5 (Tex. App.—Dallas Sept. 30, 1994, no pet.) (mem. op., not designated for publication) (finding that inadmissible hearsay admitted without objection at a revocation hearing may constitute sufficient evidence to support a revocation order).

5

In what can hardly be described as a clearly-established violation of the terms and conditions of community supervision,[3] the officer did testify on direct examination that Appellant possessed "a crushed up crystal-like substance," which he suspected was methamphetamine. He also testified that "the substance was tested using a field test kit for methamphetamine which it did test positive for methamphetamine." Furthermore, on cross-examination, he stated that the "results came back tested positive for methamphetamine." Because no objection was lodged as to those statements, they may not be denied probative value merely because they are hearsay. Thus, albeit weak, the evidence supports revocation of Appellant's community supervision because a single violation of the conditions of community supervision is sufficient. *Smith*, 286 S.W.3d at 342. Accordingly, we need not address the State's remaining allegations. *See* TEX. R. APP. P. 47.1.

CONCLUSION

The trial court's *nunc pro tunc* judgment revoking Appellant's community supervision is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3] While the trial court found that the State had met its burden as to "each and every allegation contained in the pending motion," the record falls short of establishing that conclusion.